## HAINES *v.* THE STATE.

1. Even if a writing purporting to be a certified copy of the testimony of a witness given at a commitment trial be admissible in evidence, when it appears that the testimony was not taken down while the witness was on the stand, but was afterwards written out by the magistrate from memory, yet allowing such copy to be introduced against that witness on his trial in the superior court for perjury will not be cause for setting aside his conviction, when, in his statement to the jury, he admits that such copy in substance correctly sets forth what he swore at the commitment trial, and when the magistrate testifies to the same effect.

2. That the court on a trial for perjury, in giving in charge section 991 of the Penal Code, instead of reading to the jury the concluding clause of that section as written, stated that "corroborating circumstances may or may not dispense with another witness," was certainly not erroneous as against the accused. The interpolation of the words, "or may not," was favorable to him. Nor was there any error in adding the words, "it must take two witnesses or other strong corroborating circumstances to establish the fact that the testimony given was false." The use of the word "strong" was in this connection more favorable to the accused than he had a right to demand.

3. There was no error in admitting testimony; the evidence, though con-
flicting, was sufficient to warrant the verdict; and the same having been
approved by the trial judge, this court will not interfere.

Submitted January 15, — Decided January 25, 1900.

Indictment for perjury.  Before Judge Butt.  Muscogee
superior court.  December 2, 1899.

*J. H. Worrill,* for plaintiff in error.
*S. P. Gilbert, solicitor-general,* contra.

LEWIS, J.  J. T. Haines was by the grand jury of Muscogee
county indicted for the offense of perjury, and at the May
term, 1899, of that court, was placed upon trial under this in-
dictment, and convicted.  It appears, both from the allegations
in the indictment and the evidence in the record, that on the
2d day of January, 1899, a commitment trial was had before
a justice's court in Muscogee county, upon a State warrant
which charged one Jarvis with the seduction of Lizzie Russell;
and on that trial in the magistrate's court J. T. Haines, plain-
tiff in error in this case, was introduced as a witness in behalf of
the accused, Jarvis, and testified, in substance, before the mag-
istrate, after being duly sworn, that he had carnal knowledge
of Lizzie Russell at Wildwood Park in Columbus on Christmas
night, 1896.  The magistrate made a memorandum of Haines's
testimony during the trial, and, in a short while after the trial
terminated, reduced his testimony to writing.  Upon the trial
in the superior court of the perjury case against Haines, the
State introduced the magistrate, J. E. Crenshaw, who testified
in reference to the commitment trial, identified the written
statement he had made of Haines's testimony, and swore that
it was correct.  The State then offered in evidence the written
statement of Haines's testimony, which was admitted over the
objection of counsel for the accused.  After making proof of the
testimony delivered by the accused in the magistrate's court as
charged in the indictment, the State then introduced Lizzie
Russell, who, in positive terms, denied the truth of this evidence,
denied seeing him at all at the time and place he stated, and
further denied ever having been illicitly intimate with him.
She admitted having been at Wildwood Park on Christmas day

of 1896, but testified that she left there before dark, in company with friends and certain persons with whom she was living.   These persons to whom she referred were likewise introduced in behalf of the State, who corroborated her statement to the effect that she was in their company during her whole stay at Wildwood Park at the time mentioned, and left the place before dark, going to her home, where the evidence tended to show she remained all night.   In behalf of the defendant there were a number of witnesses who swore to the lewd character of Lizzie Russell, and to certain acts of lewdness on her part.   The accused, Haines, in his statement, substantially admitted what he swore to in the magistrate's court, just as detailed by the State's witnesses, and claimed in his statement that he swore the truth.   Jarvis, the person who was charged with seduction, likewise testified in the perjury case in favor of Haines, his testimony tending to show lewd character of Lizzie Russell; admitting that he had illicit intercourse with her, and denying the seduction.   There was testimony also introduced in rebuttal by the State, some in support of the character of Lizzie Russell, and impeaching some of the defendant's witnesses.   There was, for instance, testimony to the effect that Jarvis had admitted having sexual intercourse with Lizzie Russell, and stated he believed he was the only one who had anything to do with her, and that he had "fooled her."   The jury returned a verdict of guilty; whereupon the accused filed his motion for a new trial, which was overruled, and in his bill of exceptions he assigns error in the judgment of the court overruling this motion.

1. One ground in the motion for a new trial is, that the court erred in admitting, over defendant's objection, a certified statement of the evidence taken by Justice Crenshaw, because the evidence discloses that this certified statement was reduced to writing some time after the trial, and then certified to by the justice; and because the evidence admitted was not taken down in writing as required by law.   On the trial of a felony before the magistrate, the law requires that the court shall cause an abstract of all the evidence to be made, and returned to the proper court, in the event of a commitment.   Penal Code, § 911.

The purpose of this requirement of the law was doubtless to aid the solicitor-general in the prosecution of the accused in the superior court; and we think the proper method of taking the testimony on a commitment trial would be to write it out as it is delivered from the stand. But it does not follow from this that if, after trial, it has been reduced to writing, and has been identified as a correct statement of what the witness swore to, it would not be admissible in evidence. In fact, if the testimony were not reduced to writing at all, it would be perfectly competent for the State to prove what the witness swore to, from the memory of any one who may have heard his testimony, and who recalls what it was. Indeed, testimony before a court of inquiry, when offered to impeach a witness, may be shown by such oral testimony, notwithstanding the magistrate may have reduced all the evidence to writing. *Brown* v. *State*, 76 *Ga.* 626 (2). We think, therefore, the court committed no error whatever in admitting the written statement under the facts in this case. But if it were not strictly admissible under the rules of law, it certainly worked no harm to the accused; for, in the statement made in his own behalf on the trial under this indictment for perjury, he did not deny having made the statement introduced, but, on the contrary, in substance, related the same facts that appeared in the written statement of his testimony before the magistrate, and affirmed that he had there told the truth. His defense was not based at all upon the idea that he did not testify as charged in the indictment, but that the testimony he gave was the truth.

2. Another ground in the motion for a new trial is alleged error in the following charge of the court: "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases, such as to convict of treason or perjury, and in any case of felony where the only witness is an accomplice; in these cases (except in treason) corroborating circumstances may or may not dispense with another witness. Now, gentlemen, as I have stated to you before, it must take two witnesses or other strong corroborating circumstances to establish the fact that the testimony given was false." In the first portion of the charge excepted to it will be

noted that section 991 of the Penal Code was correctly quoted by the judge below, except that he interpolated into his charge the words, "or may not," which do not appear in the statute; the statute declaring, " corroborating circumstances may dispense with another witness." If there was any error, then, at all in the interpolation of these words, it manifestly inured to the benefit and advantage of the accused, and, of course, constitutes no ground of legal complaint that would entitle him to a new trial. The same is true of the last sentence of the charge quoted. The statute nowhere declares that the corroborating circumstances should be "strong" in order to base a conviction upon the testimony of a single witness.

Another ground in the motion for a new trial complains that the court erred in admitting, over objection of defendant, the testimony of J. E. Crenshaw, the same being objected to upon the ground that neither the indictment nor the certified paper showed that a legal oath had been administered to John T. Haines at the time he testified in the committal court. There was no demurrer offered to the indictment for want of proper allegations as to the oath. Even if there had been, we see no defect in the indictment in this particular; for it charges that John Thomas Haines appeared at the commitment trial as a witness in behalf of the defendant in a case which the indictment specified, "and then and there was in due manner sworn to speak the truth, the whole truth, and nothing but the truth, as such witness aforesaid." The certified statement of Haines's evidence before the committing court was not offered to show that the oath was properly administered, but the testimony of Crenshaw himself was offered to this effect, and shows that, in point of fact, there was a legal oath administered before the testimony of Haines was delivered. Even if the testimony of Haines had not been taken down at all, it would not have affected the legality of the oath which he actually took.

3. After a careful review of the entire testimony in this case, the main facts in which we have substantially recited above, we have reached the conclusion that, while there is considerable conflict in the evidence between the witnesses for the State and accused, there was sufficient evidence to support the ver-

dict; and we therefore refuse to interfere with the discretion of the trial judge in overruling the motion for a new trial.

*Judgment affirmed.    All the Justices concurring.*