## SUMMERLIN v. THE STATE.

1. "Affidavits relating to a ground of a motion for a new trial which are not referred to therein, nor attached to the motion as exhibits, nor filed with the motion as a part thereof, but are each separately filed, can not be considered by this court when transmitted as a part of the record, even though it appear, from a statement of the judge on each affidavit, that the same was used on the hearing of the motion for a new trial, and each affidavit was actually filed in office."

2. Amendments to a bill of exceptions, allowable under the Civil Code, § 5570, are such as contain matters which relate to imperfections or omissions of necessary and proper allegations which can be supplied from the transcript of the record.

(a) Even if affidavits used on the hearing of a motion for new trial, which are not incorporated therein nor attached thereto, nor filed with the motion as a part thereof under order of the court, may be brought up under a supplemental certificate from the trial judge, under the provisions of the act of 1905 (Acts 1905, p. 85) the application for such supplemental certificate can not be made after the expiration of twenty days from the service of the bill of exceptions.

3. The loss or absence of the inquest papers containing the substance of the testimony delivered before the coroner's inquest was sufficiently shown so as to admit a proved copy of the inquest papers containing the testimony of a witness sworn thereat, for purposes of impeachment.

4. The remarks of the court in ruling on an objection to evidence were not prejudicial to the accused.

(a) An assignment of error complaining of the admission of evidence can not be considered unless the evidence, literally or in substance, alleged to have been illegally admitted, is set forth.

5. A failure to instruct the jury that the purpose of impeaching testimony is only to discredit the witness attacked is not ground for a new trial, where there was no request for such an instruction, and where the court defined the different methods of impeachment, and instructed the jury that the testimony of a witness who has been successfully impeached should be disregarded unless supported by other testimony, or by the facts and circumstances of the case.

7. Upon an examination of the evidence it is found sufficient to support the verdict. No error of law was committed; the verdict is approved by the trial judge, and there was no error in refusing a new trial.

Argued May 18,—Decided June 11,—Rehearing denied June 22, 1908.

Indictment for murder. Before Judge Parker. Coffee superior court. March 21, 1908.

Rogers & Heath, for plaintiff in error. John C. Hart, attorney-general, and John W. Bennett, solicitor-general, contra.

EVANS, P. J. Joe Summerlin was convicted of the murder of Leon Mancil and recommended to life imprisonment. His motion for new trial was overruled, and he excepts.

1. On the hearing of the motion for new trial the movant presented an amendment alleging certain special grounds as cause for setting aside the verdict. The court declined to approve the recitals of fact contained in the first, second, third, and fourth grounds, but allowed them subject to proof to be submitted by the movant. In his bill of exceptions there is a recital that the affidavits of certain affiants were considered by the judge in passing upon the motion, and these affidavits were therein specified as part of the record. Copies of these affidavits were included in the transcript, and it appears therefrom that each affidavit had the endorsement of the judge that it was used on the hearing of the motion, and an endorsement of filing by the clerk. The affidavits were not incorporated in the motion for new trial or in the bill of exceptions, nor attached to either; neither were they made a part of the record by being embodied in an approved brief of evidence or otherwise. In *Glover* v. *State,* 128 *Ga.* 1 (57 S. E. 101), it was held that "affidavits relating to a ground of a motion for a new trial which are not referred to therein, nor attached to the motion as exhibits, nor filed with the motion as a part thereof, but are each separately filed, can not be considered by this court when transmitted as a part of the record, even though it appear, from a statement of the judge on each affidavit, that the same was used on the hearing of the motion for a new trial, and each affidavit was actually filed in office. This rule applies to affidavits offered by the movant as well as to those offered by the respondent." This ruling has been followed in *McDonald* v. *State,* 129 *Ga.* 452 (59 S. E. 242), and in *Sasser* v. *State,* 129 *Ga.* 542 (59 S. E. 245). As the recitals of fact are not certified to be true, and the affidavits are not properly and legally before this court, these grounds of the motion can not be considered.

2. The bill of exceptions was served on April 3, 1908. Thereafter, on May 16, the plaintiff in error presented to the Honorable U. V. Whipple, judge of the superior courts of the Cordele circuit (the Honorable T. A. Parker, who had tried the case, being unable to act, because of his serious illness), a petition reciting the facts set out in the foregoing division of this opinion and praying an order directing the clerk of the superior court to allow counsel for the plaintiff in error to withdraw from his office the original affidavits, for the purpose of attaching the same to an

amendment, which the plaintiff in error purposed to offer, to his original bill of exceptions pending in the Supreme Court. On the call of the case in this court the plaintiff in error moved to amend his bill of exceptions, by attaching thereto the original affidavits which were used on the hearing of the motion for new trial. Under the Civil Code, § 5570, a bill of exceptions may be amended so as to make it conform to the transcript of the record, but all amendments allowable under this section are by its terms confined to such imperfections or omissions of necessary and proper allegations as can be cured by or supplied from the transcript of the record. *Jones* v. *Gill,* 121 *Ga.* 93 (48 S. E. 688); *Winn* v. *State,* 124 *Ga.* 812 (53 S. E. 318). As already pointed out, the affidavits could not be legally included within the transcript of the record, and therefore the bill of exceptions is not amendable, under this section of the code. Neither can the act approved August 22, 1905 (Acts 1905, p. 84), amendatory of Civil Code, § 5536, be successfully invoked to authorize this amendment. This act provides, that "if from the main or cross bill of exceptions, in any case in which no brief of evidence is made and filed as a part of the record, there is omitted any material evidence, and the judge trying the case having inadvertently certified said bill of exceptions as true, then within twenty days from the date of the passage of this act as to cases now pending, and within twenty days from the date of service of bill of exceptions in all future cases, the trial judge may, on his motion, make a supplemental certificate of the evidence so omitted, and said supplemental certificate, together with the evidence so certified, shall form a part of said original main or cross bill of exceptions," etc. Even if these affidavits might have been made the subject of a supplemental certificate to the bill of exceptions, under the act of 1905, as was intimated in *Glover's* case, supra, it would be beyond the power of the judge to give such a certificate after the expiration of twenty days from the date of the service of the original bill of exceptions.

3. Error is assigned upon the admission in evidence (over the objection of the defendant, on the ground that the proper foundation had not been laid) of a copy of the testimony of a witness, delivered at the coroner's inquest. It is argued that the testimony is insufficient to show the loss of the original. It appears, from the testimony of the coroner who held the inquest, that he com-

mitted to writing the substance of the testimony delivered thereat; that he made a copy thereof, and filed the original with the clerk of the superior court; that he had searched for the original in the clerk's office but could not find it; that his search was for two hours or longer; and the clerk testified that he had searched for the original inquest papers, and gone over every paper in his office in his quest for the same, but was unable to find it. We think this evidence sufficiently accounted for the loss of the original paper. Besides, the defendant could not have been hurt by the ruling of the court, because the coroner was sworn as a witness and testified that the writing was a copy of the testimony, made by himself, and contained the testimony delivered by the witness at the inquest. The statute requires that the coroner shall commit to writing the substance of the testimony delivered before the inquest, and shall return all the papers and proceedings touching the inquisition to the superior court of the county for which it is taken, held next after such inquest. Penal Code, §1265. The duty imposed on the coroner, of reducing the substance of the testimony to writing, is substantially the same which the law exacts of a committing magistrate where the crime is of the grade of felony. Penal Code, §911. It has been held that the testimony before a court of inquiry, when offered to impeach a witness, may be shown by oral testimony, notwithstanding the magistrate may have reduced the evidence to writing. *Brown* v. *State, 76 Ga.* 623; *Haines* v. *State,* 109 *Ga.* 526 (35 S. E. 141).

4. During the progress of the examination of Henry Purvis, a witness for the defendant, while counsel for the State was interrogating him on cross-examination about a conversation between the "Summerlins," the witness said: "If you will ask me the questions, I will answer them just as nigh as I can; if you will ask me or if the other side will, I mean. It was the Summerlin crowd that I heard talking there that night; I will tell you what I heard if you will ask me the questions." Whereupon counsel for the defendant objected on the ground that any conversation of the Summerlins, except the defendant, which the witness may have overheard, was inadmissible unless the proper foundation was laid. In ruling upon this objection the court said: "He [the witness] is under oath to tell the truth and the whole truth. The rule of the court is that anything he knows about this transaction,

or any conversation he might have had with the defendant that pertains to this transaction, is competent evidence, and he is to tell the whole truth, whether the question is asked or not." Error is assigned upon this language of the court, because it was an intimation of the court in the presence of the jury to the effect that the defendant's counsel were trying to suppress facts, within their knowledge, from the jury; because it was an intimation of the court as to the truthfulness of the testimony of the witness; and because it was an intimation from the court to the effect that the witness was endeavoring to suppress facts and keep them from the jury, and had a tendency to discredit the witness as well as the efforts of defendant's counsel in their endeavor to have excluded from the jury the conversation referred to. We do not think that the language of the court is open to these criticisms. The only proper inference deducible from the language of the court is that the witness was sworn to tell the truth and the whole truth, and this would include any relevant fact which he knew about the case, including any conversation he might have heard in which the defendant took part.

In the same ground of the motion it is also complained that the court allowed the witness to testify to conversations with the "Summerlin crowd," it not appearing that the defendant took any part therein or was present. The conversations concerning which it was alleged that the court allowed the witness to testify are not set out in the motion. It has been frequently ruled that an assignment of error complaining of the admission of evidence can not be considered, unless the testimony, or its substance, which is alleged to have been illegally admitted is set out in the assignment of error. *Lewis* v. *Hutchinson*, 127 *Ga.* 789 (56 S. E. 998).

5. The seventh ground of the motion complains that the judge erred in his charge to the jury, because, after defining justifiable homicide in the language of the Penal Code, § 70, and reading in connection therewith section 71 of the Penal Code, he should have gone further and charged all of §§ 72, 73, and 75, and that the charge as given was erroneous because of such failure. There is no complaint of the applicability of sections 70 and 71. A charge embracing an abstractly correct and pertinent principle of law is not rendered erroneous because of a failure to charge some other legal principle applicable to the case. *Lucas* v. *State*, 110 *Ga.* 756

(36 S. E. 87) ; *Central Ry. Co.* v. *Grady,* 113 *Ga.* 1045 (39 S. E. 441).

6. On the subject of the impeachment of witnesses the court charged as follows: "A .witness may be impeached by various methods known to our law. One way of impeaching a witness is by proof of general bad character, another way is by proof of contradictory statements, and a third is by disproving facts testified to by him. If a witness has, in the opinion of the jury, been successfully impeached, then his testimony should be disregarded entirely, unless supported by other testimony, or by the facts and circumstances of the case. Where an effort has been made to impeach witnesses, the jurors become triors, and it is for them to say whom they will believe,—the witness sought to be impeached, or those witnesses by whom the impeachment is sought. You will understand that you are to determine the weight that is to be given to the testimony of witnesses. These are things for you to determine in your search and endeavor to find the truth of the case." The objection urged against this charge is that the evidence shows that the only impeaching testimony introduced was the evidence delivered by Ida Summerlin at the coroner's inquest, and the court should have given the further instruction that the only purpose or probative value of the impeaching evidence would be to discredit this witness, and should not be considered for any other purpose. The judge, without a request, is bound to charge the jury the substantive law which controls the case. He is not bound, in the absence of a timely written request, to instruct them concerning the law applicable to every minor incident in the trial. He may omit to give any instructions whatever on the subject of the impeachment of witnesses, unless so requested. *Brown* v. *McBride,* 129 *Ga.* 93 (58 S. E. 702). The jury are presumed to be men of average intelligence, and when the court properly instructs them as to the different methods in which a witness may be impeached, and the effect of a successful impeachment upon a witness's testimony, the implication is apparent that the purpose of the impeaching testimony is to discredit the testimony of the witness attacked, and not to establish an independent fact which may rest in the impeaching testimony. If the defendant's counsel desired further elaboration of the law concerning the general scope and effect of testi-

mony offered to impeach a witness, he should have requested the same in writing.

7. We have carefully read the evidence, and it appears to us that this is a weak case upon its facts, but we can not say that the verdict is entirely without evidence to support it; and as it has the imprimatur of approval from the trial judge, and no error of law is shown to have been committed, a new trial must be refused.              *Judgment affirmed.    All the Justices concur.*