HARRISON *et al. v.* BELL *et al.,* trustees.

LUMPKIN, J. An application was made for a permanent and for an interlocutory injunction. On the hearing of the application for the latter it was denied, and' the plaintiffs excepted. The bill of exceptions recited that "The case went to trial upon the pleadings 'in the case, the pétition, amendment, answer of the defendants, and the affidavit of A. J. Bell." Among other grounds urged by the defendants against the grant of the injunction prayed were laches and estoppel; and the answer did not admit all of the allegations of the petition, so as to make only issues of law. The affidavit referred to was neither incorporated in the bill of exceptions nor attached thereto as an exhibit duly identified by the judge, nor did it ever become a proper part of the record; but sent up with the record was what appeared to be a copy of an affidavit of Bell, but not otherwise identified except that it preceded the certificate of the clerk to the record. Objection was made .by counsel for defendant in error to the consideration of such evidence, or to the reversal of the refusal of the court to grant an injunction, which in part at least rested on the exercise of his discretion. *Held:*

1. That the evidence was not properly brought before this court and can not be considered.

2. In the absence of the evidence, it can not be held that the presiding judge abused his discretion in refusing to grant an interlocutory injunction, or that the case is one so clearly controlled by a question of law as to require a reversal of such refusal without regard to the evidence which may have been introduced.

3. Under such circumstances, whether or not the court erred' in refusing to strike certain portions of the answer, his ruling on that subject will not require a reversal of the judgment refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

Argued January 23,—Decided May 15, 1909.

Petition for injunction. Before Judge Brand. Jackson superior court. August 15, 1908.

*W. W. Stark,* for plaintiffs. *J. S. Ayers,* for defendants.