#### 2248.  FALLINS v. THE STATE.

POWELL, J. Where the bill of exceptions complains of the decision of the trial court upon a motion as to which evidence was heard by affidavit and counter-affidavit, it is not permissible to specify the affidavits as record, unless they be incorporated in an approved brief of the evidence. If not so incorporated and approved, they must be either set out in the bill of exceptions or attached thereto as an exhibit and verified as a portion thereof. It appears that the only error complained of in the bill of exceptions is one depending on the consideration of the affidavits, which have not been properly brought before this court. *Summerlin* v. *State*, 130 *Ga.* 791 (61 S. E. 849); *Sasser* v. *State*, 129 *Ga.* 542 (55 S. E. 255); *McDonald* v. *State*, 129 *Ga.* 452 (59 S. E. 255); *Glover* v. *State*, 128 *Ga.* 1 (57 S. E. 101); *Johnson* v. *Gleaton*, 4 *Ga. App.* 383 (61 S. E. 493); *Harrison* v. *Bell*, 132 *Ga.* 674 (64 S. E. 688).

*Writ of error dismissed.*

Argued November 30,—Dismissed December 10, 1909.

*Robert T. Daniel*, for plaintiff in error.

*William H. Beck, solicitor,* contra.

---

#### 2250.  BROWN v. THE STATE.

HILL, C. J. In a criminal case tried in a city court, where the motion for a new trial is not served upon the solicitor, or such service waived, and the brief of evidence is not approved by the trial court, although agreed to by counsel, the judgment will be  *Affirmed.*

Accusation of gaming; from city court of Carrollton—Judge Beall.  October 23, 1909.

Submitted November 30,—Decided December 10, 1909.

*J. O. Newell,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.