## 2892.   STRICKLAND v. THE STATE.

1. Although grounds of a motion for new trial are not formally approved,
   they are to be considered when it is certified in the bill of exceptions
   that the statements of fact contained in them were approved as true.
2. It was error to admit hearsay to prove the guilt of the accused, es-
   pecially when the statement of the witness, inculpatory of the defendant,
   was not a part of the res gestæ of the transaction, nor made in the
   presence of the defendant.
3. An instruction of the court to the jury which intimates that a party
   has made an unsuccessful effort to establish a specified contention,
   when his contention is different, necessarily depreciates the weight of
   the testimony used for that purpose, and is error.
4. An instruction not warranted by the evidence in the case on trial, and
   upon a point as to which no evidence was introduced, is erroneous.

DECIDED NOVEMBER 11, 1910.

Accusation of sale of liquor; from city court of Quitman—
Judge McCall.   April 20, 1910.

*J. D. Wade, Grover C. Edmondson, James Humphreys,* for plain-
tiff in error.

*S. M. Turner, solicitor, B. C. Gardner,* contra.

RUSSELL, J.   The defendant was convicted of a misdemeanor,
and excepts to the judgment overruling his motion for new trial.
In addition to the general grounds of the motion for a new trial,
the movant filed in the court below an amendment containing sev-
eral additional grounds.

1.   It appears from the record that the trial judge did not sign
the formal order verifying the recitals of fact in the amendment
and approving its several grounds.   For this reason it is insisted
by counsel for the defendant in error that the amended grounds
of the motion for a new trial can not be considered.   This would
undoubtedly be true if nothing further appeared; for it is a uni-

versal rule that a reviewing court can not consider assignments of error or the statements of fact therein contained which have not been approved by the trial court. In this case, however, it appears, from the recitals of the bill of exceptions, that the judge did approve the several grounds of the amendment and verified the recitals of fact therein contained. It is true the judge did not sign the order which had been prepared for his signature, approving the several grounds of the amended motion. The mere failure to affix his signature was perhaps an oversight on his part, for, according to the statement of the bill of exceptions which he certifies to be true, he did approve the recitals of fact contained in the amended motion, and considered them and passed upon them. It was in the power of the judge to have approved the grounds of the amendment to the motion at any time before the bill of exceptions was finally certified, even though in the meantime he had passed upon a motion for a new trial. *Veal* v. *State,* 7 *Ga. App.* 729 (2), (67 S. E. 1054); *Georgia Railroad Co.* v. *Greer,* 7 *Ga. App.* 292 (1), (66 S. E. 961); *Milton* v. *Savannah,* 121 *Ga.* 89 (48 S. E. 684); and *Baird* v. *Bate,* 114 *Ga.* 117 (39 S. E. 943).

The decisions in these cases do not specifically relate to the approval of the grounds of an amendment to the motion for a new trial, but to the brief of evidence and to affidavits filed in support of the motion, but the general principle is the same. While the amended grounds of a motion for a new trial, if not approved, can not be considered by this court, evidence of the judge's approval may be found in the recitals of a duly certified bill of exceptions.

2. Complaint is made that the judge erred in admitting the testimony of one Albert Folsom, who testified that he was present at the cream supper, and that Josh Hendry gave him a drink of whisky and stated that he (Hendry) bought the whisky from the defendant, Turner Strickland. This testimony was objected to at the time as being hearsay, and not a part of the res gestæ, and as being inadmissible because the defendant was not present at the time that Hendry made the statement, and had no opportunity of denying it. We think the objection is well taken and should have been sustained. That Hendry told Folsom that he bought the whisky in question from the defendant was the merest hearsay, and clearly inadmissible, unless the statement had been made at the

time of the sale whereby it would become a portion of the res gestæ, or unless the statement had been made in the presence of the defendant, when perhaps he might have been called upon to deny it. The fact that the testimony was manifestly prejudicial to the defendant, and that (in a case like this where the proof of the guilt of the accused depended solely upon the testimony of a single witness) the testimony of the witness was thus bolstered up by the fact that he had made a previous statement conforming with his testimony, required the grant of a new trial.

3. The court charged the jury as follows: "The defense has introduced testimony in an effort to impeach the character of the witnesses for the prosecution, and I charge you that drunkenness is no ground of impeachment, and in connection I read you section of the code on drunkenness (§ 1013), which reads as follows: 'Drunkards. Drunkenness, which dethrones reason and memory, incapacitates during its continuance.'" Two assignments of error are predicated upon this charge. It is insisted that it is violative of section 4334 of the Civil Code of 1895, as intimating an opinion, and also that the instruction is erroneous because there is no evidence to authorize a charge upon this subject. We think that the language of the judge was likely to depreciate the testimony in behalf of the defendant, and, though not falling within the provisions of section 4334 of the Civil Code, was erroneous, especially when we consider that after saying that the defendant had introduced testimony in an effort to impeach, the court proceeded to say that drunkenness affords no ground for impeachment. The error might have been harmless, if, as a matter of fact, the defendant had made an effort to impeach the witnesses for the prosecution by showing that they were drunkards; but no such effort was made. From the language used by the court the jury could well understand that the effort made by the defendant had been unsuccessful, and, if impeachment of the witness was really involved, the question as to whether the effort had been successful or unsuccessful was purely one for the jury, and not for the court.

4. As a matter of fact, the reference to impeachment upon the ground of drunkenness was inapplicable, and likely to mislead the jury, because, so far as appears from the record, no effort was made to impeach the witness, in the technical sense in which

the word "impeach" is used, nor was any proof submitted to show that the witness was really drunk.

It is not necessary to deal with the grounds of the motion relating to the newly discovered testimony. In our view of the case there should be another trial, for the reasons already stated.

*Judgment reversed.*