## CHAMBERS *v.* THE STATE.

BECK, J. 1. On the trial of one charged with rape, evidence as to the condition of the clothing of the female within a short time after the alleged commission of the crime is relevant and admissible; and the court properly refused to exclude such evidence on the ground that the clothing itself was the highest evidence of its condition.

2. Where one was on trial for the offense of rape, and the prosecuting witness testified that the defendant on trial actually committed the offense with which he was charged, and that at the time he came to the house in which she was living, and at which he committed the crime, he was accompanied there by another person who also feloniously assaulted her, and evidence was introduced by the defendant to show that the purpose for which he and the person accompanying him went to the house was a perfectly innocent and proper one, it was competent for the State to introduce testimony of another witness, the brother of the girl alleged to have been assaulted, to the effect that he saw the companion of the accused "in bed with his sister."

3. A ground of a motion for a new trial based upon the admission of certain testimony does not raise any question for decision here, where it fails to show what objection, if any, was urged on the trial at the time such testimony was admitted.

4. A ground of a motion for a new trial which complains of the admission of evidence presents no question for decision by this court, where the evidence is not set forth, in substance at least, in the ground of the motion itself, or attached as an exhibit to the motion. *Moore* v. *State*, 130 *Ga.* 322 (60 S. E. 544); *Summerlin* v. *State*, 130 *Ga.* 791 (61 S. E. 849).

5. While the excerpt from the charge upon which error is assigned is not entirely accurate, the inaccuracy is not such, in view of the entire charge, as to be ground for a new trial.

6. The charge as a whole was not open to the criticism upon it attacking it in its entirety.

7. There was sufficient evidence to authorize the verdict.

*Judgment affirmed.   All the Justices concur.*
APRIL 27, 1914.

Indictment for rape.  Before Judge James B. Park.  Wilkinson superior court.  December 15, 1913.

*Hal B. Wimberly,* for plaintiff in error.  *T. S. Felder, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.