## 26296. JACKSON *v.* THE STATE.

Decided June 17, 1937. Rehearing denied July 27, 1937.

*J. J. Harris, J. Y. Chastain, John F. Echols,* for plaintiff in error.

*C. S. Claxton, J. Roy Rowland, solicitors-general,* contra.

MacIntyre, J. Horace Jackson was convicted of seduction. He filed a motion for new trial on the general grounds. The brief of evidence was certified by the judge, and ordered filed and made a part of the record. There was an amendment to the motion for new trial, on the ground of newly discovered evidence, this evidence being to the effect that Thurla Price, the woman alleged to have been seduced, was not virtuous. The affidavit of one Harrison in support of this amendment, attacking the virtue of Thurla Price, was referred to in the ground of the motion for new trial as being attached to the motion as an exhibit, was

actually so attached and filed with the motion as a part thereof, and thus became a part of the record in the case, and was transmitted to this court under the certificate of the clerk of the trial court. The affidavits supporting Harrison were in like manner made a part of the record. The State made a counter-showing, and in support of it introduced a subsequent affidavit of this witness Harrison, in which he swore that each and every allegation in the first affidavit, attacking the virtue of Thurla Price, was untrue. He further swore that he was under the influence of liquor at the time he signed the earlier affidavit, which was procured by the father of the defendant and two other persons, that he had no knowledge of the contents of the same, that he knew nothing detrimental to the chastity and character of Thurla Price, and was making the second affidavit to correct his former affidavit referred to. On the last affidavit is the following entry signed by the presiding judge: "The above affidavit was presented at the hearing, and was considered by me along with the other evidence. This 27 day of February, 1935." There was also an entry of filing thereon by the clerk of the superior court. This entry by the judge, standing alone, even though the clerk actually filed the affidavit, does not make it a part of the record subject to transmission to this court. *Glover* v. *State*, 128 *Ga.* 1 (57 S. E. 101). The last affidavit of Harrison was not specified by the plaintiff in error as a part of the record to be sent up in this case, and was not transmitted to this court. In fact the defendant insists that it was never made a part of the record. The State's solicitor-general contends to the contrary, and says that within twenty days from the date of certificate of the bill of exceptions and the acknowledgment of service of the same, he asked the court, by written motion, "to order the clerk of the superior court to send up, as a part of the record in said case, the last affidavit of Harrison, which was considered and identified by the court in passing on the hearing for a new trial in said case, and that the same became a part of the record in said case to be transmitted to the Court of Appeals as provided by section 6-810 of the Code of 1933." Whereupon the court below entered the following order: "The above and foregoing petition read and considered. The prayer of petitioner is hereby granted, and the said C. B. Harrison, clerk of said court, is hereby ordered to certify and send

up the affidavit of W. J. Harrison, referred to as a part of the transcript of the record in this case, to the Court of Appeals, of Georgia, together with a copy of this petition and order. This March 19, 1937."

Counsel for the plaintiff in error insists that while the court can consider the affidavits offered by him, because they were attached to his motion as exhibits and duly filed with it, we can not consider the affidavit of the State, because it has not properly been brought before this court. With this contention we are forced to agree, for there is in the record no order of the judge making the affidavit offered by the State a part of the record and directing that it be filed as such; nor is this affidavit contained in the bill of exceptions or attached thereto, properly identified, or in the brief of evidence, or in the pleadings in the case; nor was it referred to therein or attached thereto as an exhibit. "Affidavits relating to a ground of a motion for a new trial, which are referred to therein as being attached to the motion as exhibits, and which are actually so attached, and which were filed with the motion as a part thereof, are a part of the record in the case, and, when transmitted under the certificate of the clerk, will be considered by this court in the determination of the case. Affidavits relating to a ground of a motion for a new trial which are not referred to therein, nor attached to the motion as exhibits, nor filed with the motion as a part thereof, but are each separately filed, can not be considered by this court when transmitted as a part of the record, even though it appear, from a statement of the judge on each affidavit, that the same was used on the hearing of the motion for a new trial, and each affidavit was actually filed in office. This rule applies to affidavits offered by the movant as well as to those offered by the respondent. When affidavits used on the hearing of a motion for a new trial are not made a part of the record in the case, either by being embodied in an approved brief of the evidence or otherwise, before the bill of exceptions is certified, the judge has no authority, by an order passed after the bill of exceptions is certified, to declare such affidavits to be a part of the record. Even if a simple order of the judge would make such affidavits a part of the record, the order must be passed before the bill of exceptions is certified." *Glover* v. *State,* supra. See also *McDonald* v. *State,* 129 *Ga.* 452 (59 S. E. 242); *Veal* v.

*State,* 7 *Ga. App.* 729 (67 S. E. 1054) ; *Summerlin* v. *State,* 130 *Ga.* 791 (61 S. E. 849). The Code, § 6-810, even though it was amended by the act of 1905 (Ga. L. 1905, 84), refers only to additional parts of the record which can be certified by the clerk, and does not include any evidence or other matter which does not constitute a part of the record. And the judge can not change or alter the record by an additional certificate after he has duly certified the bill of exceptions and filed it in the office of the clerk. *Planters & Peoples Mutual Fire Asso.* v. *DeLoach,* 113 *Ga.* 802, 808 (39 S. E. 466). "After a bill of exceptions has been certified, the defendant in error can not have any additional evidence or other matter sent to this court, except such as is a part of the record and of file in the office of the clerk." *Jones* v. *Gill,* 121 *Ga.* 93 (48 S. E. 688). The last affidavit of Harrison is therefore not legally before us.

The judge did not enter upon the amendment to the motion, or the motion itself, a formal approval in the sense that the recitals of fact contained in the amendment and the affidavits attached thereto as exhibits in support thereof, were verified as true. *Avery* v. *State,* 11 *Ga. App.* 418 (75 S. E. 446). The court entered the following order on the amendment to the motion for a new trial : "The above and foregoing grounds of the motion for a new trial, the same based upon alleged newly discovered evidence, and the affidavits attached and in support thereof, have been presented to the undersigned, the trial judge, and have been and will be considered in passing upon said motion. The same is allowed and ordered filed as a part of the record in said case. J. L. Kent, judge, S. C. Johnson County, Ga." And when the judge certified the final bill of exceptions it contained the following recital : "Be it further remembered that said defendant, in regular course and within the time prescribed by law, duly filed his motion for new trial, filed his brief of evidence in said case, and his amended motion, all of which were and or are approved and certified by the judge as true." This will be construed by the court as approving as true only such statements in the special ground of the motion as are purely statements of fact, and not approving other allegations therein, which, though stated as facts, should properly be construed as mere conclusions of the movant, based upon facts set forth in the ground. *Humphrey* v. *State,* 24 *Ga. App.* 22 (99

S. E. 714). In short, this was merely putting the contentions of the defendant in such form as to preserve them for consideration in the higher court. It in effect certified that the defendant had regularly filed his amendment to the motion for new trial on the ground of newly discovered evidence. The judge certified that the defendant contended that the affidavits attached as exhibits to the amendment were in such words and figures as were set forth therein; and further certified that the defendant contended that the newly discovered evidence rendered mandatory the granting of a new trial. *Thompson* v. *Growers Finance Cor.,* 49 *Ga. App.* 119 (2) (174 S. E. 192).

It appeared in the brief of evidence adduced on the trial that Thurla Price, the woman alleged to have been seduced, testified that she was a virtuous woman up to the time of her seduction by the defendant. She further testified she had never had intercourse with any man other than the defendant. It also appeared in the brief of evidence that the defendant introduced at the trial a witness who testified that Thurla Price had admitted that she had had intercourse with another man, not the defendant; and by various questions propounded by the defendant's lawyer, he undertook to attack this woman's character for virtue. She did not again testify, by affidavit or otherwise, that she was virtuous, at the hearing of the motion for a new trial, at which time the first affidavit of Harrison was presented which attacked her character for virtue. It is the duty of the trial court to grant a new trial where injustice has been done and a further trial is necessary to secure justice. However, "The granting of a new trial on the ground of newly discovered evidence is not favored by the courts, and it should clearly appear that the evidence newly discovered is of such character as to probably change the result upon another trial." *McDuffie* v. *State,* 2 *Ga. App.* 401 (58 S. E. 544). "Applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and the refusal to grant a new trial on that ground will not be reversed unless his discretion is abused. *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838); *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 688). As was said by Judge Bleckley in *Young* v. *State,* 56 *Ga.* 403, 405: 'It was early ruled by this court that newly discovered evidence was not a favored ground for new trial: 10 *Ga.*

*Reports*, 512; Ibid. 500. If this ground was not favored then, how watchful of it should we be now? The incentives to caution have been multiplied within a few years past, tenfold, perhaps a hundredfold. From causes that have become history, and that are known to us all, the value. of affidavits taken promiscuously has come to be low indeed. Only the most credulous of men would habitually regard the contents of such affidavits as sufficient to overcome the verdict of a jury. And unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered. 10 *Georgia Reports*, 512.'" *Lakes* v. *Lakes*, 171 *Ga.* 692 (156 S. E. 620). The evidence fully authorized the verdict. All applications for new trial on the ground of newly discovered evidence are addressed to the sound, legal discretion of the trial judge; and even if we should concede that the newly discovered evidence, relied on as a ground for the motion for new trial, was not cumulative in its nature, there is nothing in the record to indicate that the judge abused the discretion vested in him in overruling the motion on this account. See cases cited supra.

The testimony of Thurla Price on the trial, that she was virtuous, and the first affidavit of Harrison, introduced at the hearing of the motion for a new trial, that he had had intercourse with her, make a case of oath against oath, and a presumption in favor of the verdict is sufficient, under all of the facts and circumstances of this case, to turn the scale, or at least to sustain the exercise of discretion by the presiding judge upholding the verdict. *Myers* v. *State*, 97 *Ga.* 76, 96 (25 S. E. 252). This case is distinguishable from *Thompson* v. *Growers Finance Corporation*, supra. In the present case a brief of evidence was properly made a part of the record, and the judge did not certify that the alleged newly discovered evidence was "material and not merely cumulative or impeaching in its character, but related to new and material facts." On the contrary, the judge here certified, in effect, that these were the *contentions* of the defendant.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., concurs specially.*

BROYLES, C. J., concurring specially. "When a motion for new trial is made on the ground of newly discovered evidence,

. . if the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." Code, § 70-205. "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the *names* of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; *and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground.*" (Italics mine.) *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175). In the instant case there were several affidavits in support of the witness upon whose newly discovered evidence a new trial was sought, but in only one of them (an affidavit made by only one person) were the names of his associates given. The affidavits which failed to set forth such names were so defective that it was unnecessary for the judge to consider them. And the judge did not abuse his discretion in overruling the ground of the motion for new trial based upon the alleged newly discovered evidence, because the Code requires proper supporting *affidavits;* that is, more than one such affidavit, or one such affidavit made by two or more persons. I concur in the judgment of affirmance, but not in all the rulings in the decision of the majority of the court.