LAWRENCE REGULAR, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

The court charged the jury fully as to their power to recommend that the defendant be imprisoned for life, if they found him guilty on circumstantial evidence alone. The jury found the defendant guilty, and recommended him to mercy. The court sentenced him to be hung. There was no circumstantial evidence in the case.

*Held,* that the charge was based entirely upon an assumed state of facts, calculated to mislead the jury, and, therefore, manifestly erroneous.

Criminal Law. Charge of Court. Penalty. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1876.

Reported in the decision.

FOLEY & FOLEY, for plaintiff in error.

A. B. SMITH, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and charged with the unlawful killing of Chester Miller.

On the trial of the case, the jury, under the charge of the court, returned the following verdict : " We, the jury, find the prisoner guilty, and recommend him to mercy." Thereupon the court sentenced the defendant to be hung. The defendant made a motion for a new trial, on the ground that the court erred in charging the jury " that they might, if they saw proper, recommend the prisoner to be confined in the penitentiary for life, if they found him guilty of murder on circumstantial testimony alone," and here read to the jury section 4323 of the Code of Georgia, and explained to them the effect of such recommendation to be, that the punishment would be commuted to imprisonment for life ; and also stated that they could not recommend to mercy if they found defendant guilty of murder, but only in event they found him guilty of some lower grade of felony, and here read section 4656 of the Code. The court also read to the jury, in connection with section 4323, as laid down in 38 *Ga.*, 492, that the jury has no right authoritatively to so recommend, unless the conviction is founded solely on circumstantial evidence.

The charge of the court in relation to circumstantial evidence was based entirely upon an assumed state of facts ; there was no circumstantial evidence in the case, and, therefore, this charge of the court was manifestly erroneous, and calculated to mislead the jury, and quite probably did mislead them, as to the form and effect of their verdict.   The act of 1875 declares " that whenever a jury in a capital case of homicide shall find a verdict of guilty, with a recommendation of mercy, instead of a recommendation of imprisonment for life, in cases where, by law, the jury may make such recommendation, such verdict shall be held to mean imprisonment for life."   The charge of the court assumed that there was circumstantial evidence in the case, which would authorize the jury to recommend that the defendant should be imprisoned in the penitentiary for life ; and upon that erroneous assumption, that it was a case in which the jury might make such a recommendation, the jury recommended

the defendant to mercy, which recommendation to mercy, the act of 1875 declares, shall mean imprisonment for life, in that class of cases which the erroneous charge of the court assumed this to be, to-wit: a case of circumstantial evidence. The court also charged the jury in relation to the offense of voluntary manslaughter, and it is quite possible that if the jury had not been induced to believe, from the erroneous charge of the court, that the effect of their recommendation would be to imprison the defendant for life, instead of the death penalty, that they might have found the defendant guilty of that inferior grade of homicide. Who can tell? The jury may not have clearly understood what was the circumstantial evidence which would have authorized them to recommend the defendant to mercy under the charge of the court, assuming that there was such evidence. In view of the facts of this case, as disclosed in the record, the better and safer course, in our judgment, inasmuch as the life of the defendant is involved, will be to order a new trial.

Let the judgment of the court below be reversed.