Miller *v.* The Western & Atlantic Railroad Co.

1. A witness who is not impeached otherwise than by disproving the truth of his evidence, or by testimony tending to disprove it, cannot be supported by proof of his general good character.
2. The evidence being conflicting and no error of law committed, there was no abuse of discretion in overruling the motion for a new trial.

November 6, 1893.

Action for damages. Before Judge Westmoreland. City court of Atlanta. January term, 1893.

Bigby, Reed, Berry & Foote, for plaintiff.

Payne & Tye, for defendant.

Bleckley, Chief Justice.

Reading sec. 3874 of the code alone, it might be thought that a witness impeached by any means could be sustained by proof of character, for the language is, "The witness may be sustained by similar proof of character." But it is obvious that this section is to be read in connection with the preceding one, and by reading that, we ascertain what sort of a witness is referred to. The language of that section is, " To prove general

bad character, the impeaching witness should be first asked as to his knowledge of the general character of the witness, and next as to what that character is, and lastly, he may be asked if, from that character, he would believe him on his oath." Thus it appears that "the witness" referred to in section 3874 is not any witness whatever, but some witness who has been impeached by proof of general bad character. This construction is upheld by the provisions of the next succeeding section which says, " A witness impeached by proof of contradictory statements may be sustained by proof of general good character." This provision would be wholly unnecessary and superfluous if it was the intention of sec. 3874 to allow any witness whatever, when impeached, to be sustained by proof of character. Whatever authorities elsewhere may say on the subject, in Georgia it has never, so far as we are aware, been considered as law that a witness impeached by disproving the truth of his evidence, but not otherwise, could be sustained by evidence of his good character. It would certainly multiply witnesses enormously and greatly lengthen out trials, if upon every occurrence of material conflict in testimony, the general character of all the conflicting witnesses, without any direct attack upon character, should be treated as involved, and open to vindication. What might be done on one side of the conflict might also be done on the other, for it could not be known beforehand which set of conflicting witnesses would be believed by the jury, and one set would apparently be as much impeached by the conflict as the other. The consequence would be that when one witness said *no* and another *yes* touching the same matter, each of them could be supported by evidence of good character, and the result of such support would leave their credit just where it stood before. The trial court was correct in rejecting the evidence sought to be introduced. In *McEwen* v. *Spring-*

*field*, 64 *Ga.* 159, and *Pulliam* v. *Cantrell*, 77 *Ga.* 563, the supporting evidence was admissible because in reply to evidence of contradictory statements. In *Dowling* v. *Feeley*, 72 *Ga.* 557 (6), the facts are not reported.

2. The rest of the case is mere matter of fact, and the jury have settled it.        *Judgment affirmed.*