## BELL *v.* THE STATE.

*Atkinson, J.*—1. A witness impeached by disproving the facts testified to by him, cannot be sustained by proof of general good character. Consequently, where evidence was introduced tending to impeach a witness in this manner, and also other evidence tending to impeach him by proof of contradictory statements previously made and by showing his general bad character, it was erroneous to charge generally that "when it is sought to impeach a witness by either of these modes, the

credibility of the witness may be restored by proof of general good character." The effect of such a charge would be to allow proof of good character to restore the witness to credibility even though the truth of his testimony had been actually disproved. *McEwen* v. *Springfield*, 64 *Ga.* 159; *Miller* v. *Western & Atlantic Railroad*, 93 *Ga.* 480.

.2. The misconduct of the solicitor-general in the argument was grossly improper. It should not, and probably will not, be repeated at the next trial. It is not necessary to pass upon the ground of the motion for a new trial relating to the alleged newly discovered evidence.               *Judgment reversed.*

Argued October 8,—Decided October 26, 1896.

Indictment for rape. Before Judge Fish. Webster superior court. April term, 1896.

Bell was indicted for rape of his daughter Minnie. He was found guilty and recommended to mercy. His motion for new trial was overruled, and he excepted. The motion was upon the following among other grounds:

The court erred in charging: "There are several ways of impeaching witnesses; one is by disproving the facts to which the witness testified, proving them to be otherwise than the witness swore they were; another is by contradictory statements previously made, which are relevant to the case and relevant to the witness's testimony. Another is by proof of general bad character. * * When it is sought to impeach a witness by either of these modes, the credibility of the witness may be restored by proof of general good character." In a note to this ground the court states: "It seems that the charge was unintentionally erroneous in stating that a witness impeached by disproving facts sworn to might be reinstated by proof of general good character. The defendant sought to impeach the principal witness for the State by proof of general bad character and by proof of contradictory statements, and much stress was put here in the argument of defendant's counsel, and the court had only these two modes of impeachment in mind when the charge complained of was given. The whole charge, how-

ever, on the subject of impeachment and credibility of witnesses should be considered."

The solicitor-general in his concluding argument to the jury said: "I had no local counsel to assist me. I have had my hands full of other business for the court, and I have not had the time to look up the facts; but man after man has come to me and told me that he will believe her upon oath." No objection to this was made at the time it was said, nor was the judge's attention called thereto, and he did not notice it; but he charged the jury in the exact language of a request preferred by defendant's counsel, for the purpose of correcting any possible effect of such argument.

*S. R. Stevens* and *J. B. Hudson*, for plaintiff in error.
*James M. DuPree*, solicitor-general, by *L. J. Blalock*, contra.