# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

# MARCH TERM, 1907.

## GLOVER v. THE STATE.

128    1.
129    4C0
f129   550
130    792

1. Affidavits relating to a ground of a motion for a new trial, which are referred to therein as being attached to the motion as exhibits, and which are actually so attached, and which were filed with the motion as a part thereof, are a part of the record in the case, and, when transmitted under the certificate of the clerk, will be considered by this court in the determination of the case.

2. Affidavits relating to a ground of a motion for a new trial which are not referred to therein, nor attached to the motion as exhibits, nor filed with the motion as a part thereof, but are each separately filed, can not be considered by this court when transmitted as a part of the record, even though it appear, from a statement of the judge on each affidavit, that the same was used on the hearing of the motion for a new trial, and each affidavit was actually filed in office. This rule applies to affidavits offered by the movant as well as to those offered by the respondent.

3. When affidavits used on the hearing of a motion for a new trial are not made a part of the record in the case, either by being embodied in an approved brief of the evidence or otherwise, before the bill of exceptions is certified, the judge has no authority, by an order passed after the bill of exceptions is certified, to declare such affidavits to be a part of the record. Even if a simple order of the judge would make such affidavits a part of the record, the order must be passed before the bill of exceptions is certified.

4. When it appears that a juror who was sworn and empaneled in the trial of a murder case had stated that if he was on the jury he would hang the accused, and the only matter before this court in rebuttal of the charge made against the juror is a statement by the judge, in his order overruling the motion for a new trial, that he knows the juror personally and by reputation, and that he is worthy of belief, a prima facie case of incompetency is not overcome; and a new trial should be granted.

Argued March 18,—Decided April 9, 1907.

1                                    1

Indictment for murder. Before Judge Hammond. Richmond superior court. December 5, 1906.

The accused was tried for murder, convicted, and sentenced to death. He filed a motion for a new trial, upon numerous grounds, and it was overruled, and he excepted. In one of the grounds it is alleged that a juror, who served in the case, was not a fair and impartial juror. The motion refers to various affidavits attached thereto in support of this ground, reciting that such affidavits are marked as exhibits A to E, inclusive. Attached to the motion are affidavits so marked; three of them being affidavits in reference to the facts showing the alleged disqualification, and the other two being the affidavits of the accused and his counsel, setting forth that they did not before conviction know of the bias and incompetency of the juror, and had no means of ascertaining the same. Neither the bill of exceptions nor the record, as originally transmitted, indicated that at the time the motion for new trial was heard there was any other evidence before the judge than the affidavits above referred to. On the call of the case in this court, counsel for the State suggested a diminution of the record; stating that there was a counter-showing by the State in reference to the ground of the motion above referred to, the counter-showing consisting of affidavits of the juror attacked, and others, which were of file in the clerk's office. After the case was argued in this court the clerk of the superior court transmitted a number of affidavits relating to the subject-matter of that ground of the motion. Upon each of these affidavits appears a statement by the judge that they were admitted in evidence on the hearing of the motion for a new trial. There is no order requiring such affidavits to be filed, or making them a part of the record. Each of them was in fact filed in the clerk's office. There appears, in connection with these affidavits, an order of the judge, dated after the bill of exceptions was certified, which, after reciting that the various affidavits mentioned were admitted in evidence and considered by the court, and that an order was passed so admitting them, but that the order did not in express terms make the affidavits a part of the record, concludes with the statement that "said affidavits are hereby made a part of the record of said case nunc pro tunc."

*A. L. Franklin* and *C. A. Picquet,* for plaintiff in error.

*John C. Hart, attorney-general, J. S. Reynolds, solicitor-general,* and *Boykin Wright,* contra.

Cobb, P. J.  (After stating the facts.)

1, 2.  It is contended by counsel for the plaintiff in error that the affidavits used by the State on the hearing of the motion for a new trial, to rebut the evidence contained in the affidavits attached to the motion, can not be considered by this court; for the reason that they are no part of the record in the case, and, although actually filed in the clerk's office, the clerk had no authority to certify and transmit them to this court as a part of the record, either originally or at any other time.  In *Warnock* v. *Kilpatrick,* 70 *Ga.* 730, it was held, that when a ground of a motion for a new trial was based upon newly discovered evidence, and affidavits were used in connection with the hearing of the motion, if the case be brought to the Supreme Court such affidavits should be embodied in the bill of exceptions, as they do not form a part of the record; and that a failure to embrace the same in the bill of exceptions would work a dismissal of the writ of error.  In *McDonald* v. *State,* 72 *Ga.* 55, it was held that affidavits used on the hearing of a motion for a new trial must be properly authenticated, and that a mere order that all affidavits so used be filed in the clerk's office, and the appearance, in the record, of what purport to be copies of the affidavits, with entries of the filing thereon, is not sufficient, and the ground of a motion dependent upon such affidavits will not be considered.  In *Crockett* v. *McLendon,* 73 *Ga.* 85, there is a statement, in one of the headnotes, to the effect that affidavits relating to a ground of a motion for a new trial, and referred to therein, identified by the signature of the judge, and thus appearing in the record, would be considered by the Supreme Court in passing upon the ground of the motion.  It is to be noted, however, in that case, that what is said is merely obiter, for the reason that the court held that it was not necessary to look to the affidavits in order to establish the fact which they were offered to prove, such fact having been admitted in open court, as appears from the certificate of the judge.  The cases above referred to are all that we have been able to find relating to the subject of the proper authentication of affidavits used in connection with a ground of a motion for a new trial.

There are numerous rulings in reference to the proper method of authenticating affidavits used on the hearing of an application for an interlocutory injunction and hearings of a similar nature.

The settled rule in reference to the authentication of affidavits in hearings of this character is that they must be set forth in the bill of exceptions, or attached thereto as exhibits properly identified by the judge, or embraced in an approved brief of the evidence. For the more recent rulings on this subject see *Eubank* v. *Eastman,* 120 *Ga.* 1048, and *Roberts* v. *Heinsohn,* 123 *Ga.* 685. In *Cohen* v. *Myers,* 42 *Ga.* 46, which was an application to revoke an order appointing a receiver, it was held that if affidavits used in the hearing of an equity case are part of the record, they need not be copied in the bill of exceptions. The affidavits for the plaintiff were attached to the bill and treated as a part of the record. No reference was made to the affidavits of the defendant in the bill of exceptions, other than that the judge, in the order complained of, recited that judgment was rendered by him after consideration of the facts set forth in the bill, answer, and affidavits. It was held that this was sufficient to authorize this court to consider all the affidavits. This decision does not seem to be in harmony with the other decisions on the subject. If the rule in reference to hearings in equity cases is followed, of course the affidavits used by the State on the hearing of the motion for a new trial can not be considered. The same result follows from the rule laid down in the cases cited which deal with the subject of affidavits used at the hearing of motions for new trial. In any view of the case, the affidavits on the part of the State can not be considered.

But it may be said that if this is true, the affidavits relied upon by the movant should not be considered, for a similar reason. The affidavits of the movant were attached to the motion for a new trial as exhibits. They were referred to therein and identified by reference to a letter which appears upon each. They were not separately filed in the clerk's office, but they were filed as a part of the motion itself. In *Warnock* v. *Kilpatrick,* supra, the affidavits were not referred to in the motion. Neither were they attached to the motion at the time it was filed. But the affidavits were simply each filed in the clerk's office on a date subsequent to the filing of the motion. This was also true in *McDonald* v. *State,* supra. The only difference between that case and that of *Warnock* v. *Kilpatrick* was that in the latter case, at the time the judge allowed an amendment to the motion for a new trial, containing

the ground to which the affidavits would relate, he passed an order directing that all affidavits which were to be used at the hearing of the motion should be submitted to counsel for the opposite party at least ten days before a given date, and that such affidavits be filed in the clerk's office before the hearing. In *Crockett* v. *Mc-Lendon,* supra, the affidavit was referred to in the ground of the motion for a new trial, as attached to the motion, was attached thereto, and was filed with the motion and as a part of the same. While what was said in the case last referred to was merely obiter, still we think that it lays down the correct rule, and is certainly in accord with a long-continued practice,—that is, that that which is referred to in the ground of a motion for a new trial as an exhibit, and which is actually attached hereto and filed with the motion and as a part of the motion, is a part of the record in the case to which it relates, and is properly transmitted as such, and may be considered by this court in the determination of the case. Affidavits, documents, or other evidence used merely at the hearing of the motion for a new trial as evidence, when not embodied in any part of the pleadings in the case, nor referred to therein, nor attached thereto as exhibits, do not become a part of the record in the case, and can not be considered by this court in the determination of the case, unless they are set forth in the bill of exceptions, or attached thereto properly identified, or appear in an approved brief of the evidence. The movant's affidavits attached to the motion will therefore be considered. The other affidavits are not legally before us.

3. After the bill of exceptions in this case was certified, the judge passed an order which, after reciting that certain affidavits were used on the hearing of the motion for a new trial, and that an order was passed admitting them, but not in express terms making them a part of the record, concluded with the statement that such affidavits were thereby made a part of the record nunc pro tunc. This order, together with the affidavits, was transmitted to this court, under the certificate of the clerk. The affidavits not being a part of the record at the time that the bill of exceptions was certified, the judge was without authority to pass any order subsequently to that date making them a part of the record. These affidavits might have been made the subject of a supplemental certificate to the bill of exceptions, under the act of 1905

(Acts of 1905, p. 84), if the attention of the judge had been called to the omission of them from the bill of exceptions within the time limited by that act.

4. The conclusion we have reached in reference to the consideration of the affidavits requires that we should decide the case in the light of the affidavits attached to the motion for a new trial, disregarding altogether the affidavits transmitted by the clerk as having been used by the State on the hearing of the motion for a new trial. It appears from the affidavit of one witness that the juror whose competency is attacked said, that he (the juror) was on the jury for the following week, and that if he was accepted as a juror in the case of the accused he would hang him. It also appears, from the testimony of another witness, that the juror stated, after the homicide, that there were some people in the county that ought to be hung, but he wasn't calling any names. It appears, from the affidavit of this last witness, that after the trial, in a conversation with the juror, the juror denied to the witness that he had made the statement as claimed by the witness. The judge, in his order overruling the motion for a new trial, stated that he was well acquainted with the juror in question, and with the character he bore in the community, and that he knew personally and from reputation that the juror was a man of excellent character and in all respects worthy of belief and confidence. We think that the affidavits which we have considered establish prima facie the fact that the juror was incompetent; and, in the absence of satisfactory rebutting evidence, this would be sufficient reason for granting a new trial. We can not refer to the rebutting evidence in the affidavits used by the State on the hearing of the motion for a new trial, for the reasons already stated. The question, therefore, is whether the fact that one witness, who testified to the alleged cause of disqualification, admitted that the juror, in a conversation that he thereafter had with the juror, denied that he had used the language, would be sufficient to rebut the showing as to incompetency. Let it be conceded that this would be sufficient; there is nothing to rebut the statement of the other witness, who testified positively that the juror said that if he was on the jury he would hang the accused. We do not think that the statement of the judge, in his order overruling the motion for a new trial, can be considered.

It may be said, however, that as counsel for plaintiff in error practically abandoned the general grounds of the motion, we should look at the evidence to see whether the verdict was not demanded by the evidence. To this it may be replied that there may be a state of facts where the evidence, under the law, would demand a conviction of the crime of murder, but under our law, where the punishment to be inflicted for murder is left in the discretion of the jury, under no circumstances can this court say that the evidence demanded a general verdict of guilty which must be followed by the infliction of the death penalty. So far as the opinions of the majority of the court in *Perry* v. *State,* 102 *Ga.* 365, and in *Luby* v. *State,* 102 *Ga.* 633, conflict with this view, what is said therein is disapproved. It may be that the evidence was of such character that any juror would be constrained to find the accused guilty of murder, but upon the very question on which the law gives him uncontrolled discretion, that is, in reference to the manner of the punishment, this juror, so far as the record which we have considered is concerned, went into the jury box with his mind settled against the accused. In addition to this, a man, though guilty, is entitled to be tried according to law. If his life is forfeited by a verdict, he is entitled to have it by a verdict of a jury made up of jurors who are competent. In any view of the case a new trial must be granted, and the accused be tried again, before a jury composed entirely of those whose minds are in a condition where they can pass upon the question of his guilt and determine what punishment shall be inflicted, in the fair and impartial way that the constitution of the State requires.

*Judgment reversed. Fish, C. J., absent. The other Justices concur.*