### 3468.   SMITH *v.* THE STATE.

The record discloses no reversible error.
DECIDED NOVEMBER 7, 1911.

Indictment for assault with intent to murder; from Dougherty superior court—Judge Frank Park. April 24, 1911.

The defendant was convicted of assault and battery. It appears, from the evidence, that he and his son were making a disturbance on the streets of Albany, by cursing one another; that easily within hearing were some females; that one or two citizens had caught hold of the defendant's son, and that a crowd had assembled. A policeman arrived, and the defendant was pointed out to him as

being the one who was "raising Cain;" and before the policeman had said a word, the defendant hit him with a flint rock weighing five or six pounds. The rock was thrown a distance of about four feet, and struck the policeman in the forehead, making a gash about 2½ inches long all the way to the skull. The policeman did not have a warrant for the defendant.

*R. J. Bacon, Ben T. Burson,* for plaintiff in error.

*W. E. Wooten, solicitor-general, F. A. Hooper,* contra.

RUSSELL, J. (After stating the foregoing facts.)

1. Complaint is made of the admission of the following evidence: One of the bystanders, as a witness for the State, was asked: "When Mr. Perry [the policeman] got there, what was going on? What was the defendant doing, and what trouble, if any, in which he was connected, was in progress?" The witness answered: "Him and his son was cursing one another." The defendant objected to this evidence, because the policeman had previously testified that at the time of his arrival the defendant was standing by his wagon, and was doing nothing illegal, so far as he saw; and therefore it is contended, there being no disturbance so far as the policeman saw, it was immaterial what the defendant was doing. We are of the opinion that if the defendant was creating a breach of the peace in the policeman's physical presence, he would have a right to make the arrest without a warrant, whether he heard the cursing or not. The crime was being committed in his presence, whether he knew the full extent of it or not. *Ramsey* v. *State,* 92 *Ga.* 53 (17 S. E. 613); *Porter* v. *State,* 124 *Ga.* 297 (52 S. E. 283, 2 L. R. A. (N. S.) 730); *Jenkins* v. *State,* 3 *Ga. App.* 146 (59 S. E. 435).

2. Exception is taken to the admission of evidence as to what was said by the defendant and a bystander just as the rock was being hurled. We think this evidence was admissible as a part of the res gestæ.

3. It appears that after the defendant threw the rock he ran, pursued by the policeman, who fired several shots and finally succeeded in arresting the defendant. It is contended that the defendant was justified in resisting the arrest, which it is claimed was illegal, and that the evidence shows he used no more force than was necessary; subsequent events showing that the force he used was not even sufficient to prevent the arrest. What happened to

the defendant after he had committed a second crime can not be set up as justification for resisting an illegal arrest for the first one. The jury was authorized to infer both that the arrest was legal and that, even if illegal, the defendant used more force than was his legal right under the circumstances.

*Judgment affirmed.*