28036. DANIEL *v.* THE STATE.

DECIDED FEBRUARY 10, 1940.

*W. C. Hodges,* for plaintiff in error.
*Ralph Dawson, solicitor-general,* contra.

MACINTYRE, J. The defendant was charged with the offense of assault with intent to murder, and was convicted. He excepts to the overruling of his motion for new trial. The evidence, although sharply conflicting, authorized the jury to find that on the night

in question a general disturbance and fighting were going on in the town of Willie. Some one telephoned the deputy sheriff, and in response thereto he went to the scene of the disturbance, and while the actual fighting seemed to be over when he arrived the deputy sheriff testified that Sank Smith was "boisterous and drunk, cursing and drunk, at the time [and immediately before] I attempted to arrest him;" that females were present, and that while he was struggling with Sank Smith in attempting to arrest him, Sank's mother, the defendant, stabbed him in the back with a knife. The defendant contends that the officer had no right to arrest her son and that she was justified in coming to his aid and in stabbing the deputy sheriff. The evidence authorized the finding of the jury that the defendant was guilty of assault with intent to murder.

1. The judge charged the jury, in part: "Moral and reasonable certainty is all that can be expected in legal investigations, mathematical certainty not being required; whether dependent on direct or circumstantial evidence the true question in the trial of criminal cases is not whether it be possible that the conclusion at which the evidence points may be false, but whether the evidence is as a whole sufficient to satisfy the mind and conscience beyond a reasonable doubt." Exception is taken to this portion of the charge "because the term 'mathematical certainty' as used in this charge is unknown to the rule of evidence under the laws of this State, and is calculated to mislead the jury in the trial of the case;" and because in so charging the jury "the court confused the jury in that he charged both the amount of mental conviction necessary to convict with the subsequent section of the Code which defined when the testimony is sufficient to convict, and did not elsewhere explain to the jury the application of the two principles of law." There is no merit in this exception. *Connell* v. *State,* 153 *Ga.* 151 (111 S. E. 545) ; *Wimberly* v. *State,* 12 *Ga. App.* 540, 545 (77 S. E. 879) ; *Smith* v. *State,* 125 *Ga.* 296 (54 S. E. 127) ; *Howell* v. *State,* 160 *Ga.* 899 (129 S. E. 436) ; *Hatcher* v. *State,* 176 *Ga.* 454, 461 (168 S. E. 278). Cann's Requests to Charge in Civil and Criminal Cases, § 1354.

2. The judge charged, in part: "You are made the exclusive judges of the credibility of witnesses, and in passing upon their credibility you may consider all the facts and circumstances of the

case as disclosed upon the trial, the witnesses' manner of testifying, their intelligence, their interest or want of interest in the result of the case, the witnesses' opportunity for knowing the facts to which they testified, and the probability or improbability of their testimony and the occurrence to which they testified, and you may also consider the personal credibility of the witnesses in so far as the same may legitimately appear from the trial of the case." Objection is made to this part of the charge on the ground that it confounded the principle of law on impeachment of witnesses, which is found in the first two lines of the part of the charge here quoted, with that principle of law dealing with the preponderance of evidence, which is embraced within the balance of the portion above quoted, and was confusing and misleading to the jury. The words "preponderance of evidence" are not mentioned in the charge, nor is there anything in the charge which would intimate that the jury should determine any issue in the case adversely to the defendant by a preponderance of the evidence. The excerpt from the charge here complained of, when taken in connection with the entire charge, in effect instructed the jury that this particular portion of the charge related to matters pertinent to the consideration of the credibility of the witnesses in a criminal case, and that the jury might consider these things when they began their consideration of whether or not they were satisfied beyond a reasonable doubt that the defendant was guilty. *Thompson* v. *State,* 160 *Ga.* 520, 522 (128 S. E. 756); *Moore* v. *State,* 57 *Ga. App.* 287 (195 S. E. 320); *White* v. *State,* 147 *Ga.* 377 (94 S. E. 222).

3. The judge charged the jury in part as follows: " (I charge you an arrest may be made for a crime by an officer, either under or without a warrant, if the offense is committed in his immediate or constructive presence, or if the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. The officer must make known that he is an officer and that he is seeking to make an arrest.) I charge you that not only an officer but every citizen in Georgia has a right without a warrant to arrest any one breaking the law in his presence. In a case where there is no violation of the law in the presence of the one seeking to make the arrest, he must get a warrant, otherwise it would be an illegal arrest or an attempt to make an illegal arrest. [On the question of what is meant by in an officer's

presence, or a citizen's either, I charge you for an offense to be in an officer's, or citizen's either, presence so as to come under that exception of the Code section just referred to authorizing an arrest without a warrant, it is not necessary that the officer see the offense committed, but it is sufficient if any one of his senses affords him knowledge that an offense is being committed or has just been committed.]" (Parenthesis and brackets ours.)

Objection is made to that part of the charge in parenthesis because "the use by the court of the term 'constructive presence' is unknown to the law, and no such provision is contained in the law of this State making provision for an officer to make arrests without a warrant, and would lead the jury to believe that the officer had a right to arrest Sank Smith though he did not see him commit any crime." This portion of the charge is taken from Cann's Requests to Charge in Civil and Criminal Cases, § 261, and is supported by *Porter* v. *State,* 124 *Ga.* 297 (52 S. E. 283, 2 L. R. A. (N. S.) 730). See *Smith* v. *State,* 10 *Ga. App.* 36 (72 S. E. 527).

Objection is also made to that part of the charge quoted above in brackets, on the ground that the "prisoner Sank Smith was not committing any offense at the time Mr. Darsey attempted to arrest him without a warrant" and if permitted to be arrested under such circumstances as charged, the right to arrest "would not be restricted to 'his presence.'" This portion of the charge is taken from Cann's Requests to Charge in Civil and Criminal Cases, § 266, and is amply supported by *Ramsey* v. *State,* 92 *Ga.* 53 (17 S. E. 613); *Brooks* v. *State,* 114 *Ga.* 6 (39 S. E. 877); *Howell* v. *State,* 162 *Ga.* 14, 30 (134 S. E. 59); *Reed* v. *State,* 163 *Ga.* 206, 219 (135 S. E. 748); *Alexander* v. *State,* 160 *Ga.* 769 (129 S. E. 102). None of the exceptions to the charge shows reversible error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*