GLENN *v.* THE STATE.

No. 16457. FEBRUARY 15, 1949. REHEARING DENIED MARCH 16, 1949.

*William F. Lozier* and *Frank Hamilton Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Webb, Solicitor-General, Carl B. Copeland, R. A. Blackwood, William Hall,* and *J. R. Parham, Assistant Attorney-General,* contra.

HEAD, Justice. It is the right of every person accused of crime in this State to have a fair and impartial trial, free from any demonstration or disorder of a nature calculated to prejudicially. affect the jurors trying his case. *Patton* v. *State,* 117 *Ga.* 237, 238 (43 S. E. 533). This is true whether or not the verdict in the case is supported by the evidence. *Collier* v. *State,* 115 *Ga.* 803 (42 S. E. 226).

Counsel for the defendant in this case have waived the exception to the overruling of the general grounds of the motion for new trial. An examination of the evidence shows that there was sufficient evidence to support the verdict of guilty. This fact would not render harmless the denial of a new trial to the defendant, if he was prejudiced by the conduct complained of, since such conduct may well have influenced the jury to inflict the death penalty. In *Glover* v. *State,* 128 *Ga.* 1, 7 (57 S. E. 101), approved in *Barfield* v. *State,* 179 *Ga.* 294 (175 S. E. 582) it was said: "There may be a state of facts where the evidence, under the law, would demand a conviction of the crime of murder, but under our law, where the punishment to be inflicted for murder is left in the discretion of the jury, under no circumstances can this court say that the evidence demanded a general verdict of guilty which must be followed by the infliction of the death penalty."

The conduct of the widow of the deceased in audibly and visibly weeping before the jury during the argument of the assistant solicitor was certainly calculated to influence them against granting mercy to the defendant, if they believed him guilty of the crime charged. Had the widow been removed immediately from the room, her display of emotion would probably not have required the grant of a mistrial. Compare *Clements* v. *State,* 123 *Ga.* 547 (51 S. E. 595).

In this case the statement of counsel for the defendant charges that the assistant solicitor had requested the widow, who had previously been a witness in the case, to return to the courtroom on the concluding day of the trial to "let the jury know she was interested." While we would not assume that the solicitor intended to make the type of argument which would be likely to move the widow to tears, nevertheless he did suggest that she return to the courtroom, and it was during his argument that she made her grief apparent to the jury.

In many of the cases before this court where a new trial was denied although some demonstration was made before the jury, no request for a mistrial was made by counsel for the defendant, and this court has held that, "The failure of the court to interpose of its own motion, in case of disorder by the spectators at the trial, will not generally be a sufficient reason to reverse the

judgment, when no ruling in reference to the disorder was invoked from the court." *Rawlins* v. *State,* 124 *Ga.* 32 (7) (52 S. E. 1). See also *Washington* v. *State,* 124 *Ga.* 424 (10) (52 S. E. 910); *Hendrix* v. *State,* 173 *Ga.* 420 (2) (160 S. E. 614); *Wynn* v. *State,* 179 *Ga.* 874 (4) (177 S. E. 695); *Cato* v. *State,* 183 *Ga.* 277 (2) (188 S. E. 337).

In the present case, counsel states that he called the court's attention to the conduct of the widow of the deceased, and that the court sent a sheriff to the widow, that she did not leave the room but continued to weep, and remained in the courtroom for a period of time which he estimated to be fifteen minutes, but which the court states was five minutes, and at the end of that time she was removed from the room by a deputy. At the conclusion of the argument of the solicitor, counsel made a motion for mistrial. The motion for mistrial was appropriately made as to time.

As was stated in *Douglass* v. *State,* 152 *Ga.* 379 (110 S. E. 168), we think in this case that "the importance of preserving the purity of trials by jury, uninfluenced by outside demonstrations or suggestions, requires the grant of a new trial."

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Candler J., who dissent.*