JONES *v.* THE STATE.

HAWKINS, Justice. 1. While the trial court may not, in the absence of a timely written request therefor, be required to charge the jury in a murder case upon a theory of defense raised solely by the defendant's statement that he acted under coercion and the influence of fears produced by threats and menaces made by the actual slayer (*Gore* v. *State,* 162 *Ga.* 267, 272, 134 S. E. 36), yet, where the court does undertake to charge the jury with reference to such defense, it must do so correctly. *Shankle* v. *Crowder,* 174 *Ga.* 399, 411 (163 S .E. 180); *Smiley* v. *State,* 156 *Ga.* 60, 63 (7-a) (118 S. E. 713); *Richards* v. *State,* 114 *Ga.* 834 (1) (40 S. E. 1001).

2. The amended motion for a new trial complains of the following charge of the court: "Now, gentlemen, he insists in this case that he is not guilty at all, and the State has got to prove it beyond a reasonable doubt and to a reasonable and moral certainty. He says that he was there, but that he went under what the law terms duress, that is, by force and fear. He contends that he did not act voluntarily in this instance, but that by an overpowering force and by threats uttered to him and in his presence about [by] the chief actor in this case, that he went into it not voluntarily but purely and simply because of fear. If you find that to be the truth, gentlemen of the jury, then he would *not be guilty because a man is not held responsible for something that he is absolutely driven and made to do through fear or threats to his life or his person*"—on the ground that the charge as thus given placed a greater burden on the defendant than is placed on him by the law, "in that it required the defendant to prove that he was *absolutely driven and made* to do [an act] through fear or threat to *his* life or person, whereas the court should have charged the correct law . . that if the defendant had reasonable cause to believe, and did actually believe, that his life or member was in danger, he should be found not guilty." *Held*:

Code § 26-402, provides that: "A person committing a crime or misdemeanor under threats or menaces, which sufficiently show that his life or member was in danger, or that he had reasonable cause to believe, and did actually believe, that his life or member was in danger, shall not be found guilty; and such threats and menaces being proved and established, the person compelling, by said threats and menaces, the commission of the offense, shall be considered a principal, and suffer the same punishment *as* if he had perpetrated the offense." Thus, to render threats or menaces available as an excuse for a person charged with crime, they must be threats or menaces which sufficiently show that his life or member was in danger, or that he had reasonable cause to believe, and did actually believe, that his life or member was in danger. It is not necessary that the defendant show that he was "ab-

*solutely driven and made"* to commit the act charged as a crime. *McCoy* v. *State,* 78 *Ga.* 490 (3 S. E. 768). The charge as given was erroneous for the reason assigned.

3. While the general grounds of the motion for a new trial have been abandoned, and the evidence amply authorized the conviction of the defendant, yet, since the death penalty was imposed in this case, it cannot be said that the erroneous charge was harmless because the evidence demanded the verdict rendered; for in *Glover* v. *State,* 128 *Ga.* 1, 7 (57 S. E. 101), it is held that "there may be a state of facts where the evidence, under the law, would demand a conviction of the crime of murder; but under our law, where the punishment to be inflicted for murder is left in the discretion of the jury, under no circumstances can this court say that the evidence demanded a general verdict of guilty which must be followed by the infliction of the death penalty." See also *Barfield* v. *State,* 179 *Ga.* 293, 294 (175 S. E. 582); *Kelly* v. *State,* 204 *Ga.* 239, 240 (49 S. E. 2d, 489); *Carter* v. *State,* 204 *Ga.* 242 (49 S. E. 2d, 492).

*Judgment reversed. All the Justices concur.*

No. 17291. NOVEMBER 14, 1950.

*Ernest C. Britton, John W. Teasley,* and *J. Walter Owens,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hubert C. Calhoun, Solicitor-General, Frank B. Stow,* and *H. Grady Simmons, Assistant-Attorneys-General,* contra.