ROYALS *v.* THE STATE.

No. 17439. ARGUED APRIL 9, 1951—DECIDED MAY 15, 1951.

*D. W. Stone* and *Gibson & Maddox,* for plaintiff in error.

*Eugene Cook, Attorney-General, Edward Parrish, Solicitor-General, R. L. Addleton,* and *J. R. Parham, Assistant Attorneys-General,* contra.

HEAD, Justice. ■ The contention of the defendant that the trial court should have charged, without request, the principles of law set forth in ground 3 of the amended motion for new trial, is without merit. ·The Code, § 38-306, and the extract from *Grace v. State,* 49 *Ga. App.* 306 (4) (175 S. E. 384), could not have been beneficial to the defendant. At the time the statement of Phillips was admitted in evidence, the trial court instructed the jury that they were to consider the statement of Phillips only if they found that there was a conspiracy between the defendant and Phillips to conceal a crime which had been committed, and that the conspiracy to conceal the crime was still in progress. If the defendant had desired any further instruction to the jury on conspiracy under ·the Code, § 38-414, he should have made a timely written request to charge. No error is shown in this ground of the amended motion for new trial.

■ Grounds 1 and 2 assign as error the rulings of the court permitting the jury to have in the jury room during their deliberations the signed statement of the defendant and the signed statement of Phillips, an alleged coconspirator, over timely objections of the defendant.

Counsel have not cited a case from the courts of Georgia directly in point on this question, and our search has not revealed such a case. In *Smithwick v. State,* 199 *Ga.* 292, 293 (10) (34 S. E. 2d, 28), it was held that the trial court did not err in overruling a ground of motion for new trial complaining that written admissions or confessions were taken to the jury room and considered by the jury. However, in the *Smithwick* case the ruling of this court was based on the fact that the documents "were admitted in evidence without objection, and no motion was subsequently made as to prohibiting the documents from being considered by the jury during their deliberations."

The defendant cites and relies upon *Strickland v. State,* 167 *Ga.* 452 (145 S. E. 879), where it was held to be reversible error

to permit a dying declaration, reduced to writing and signed by the deceased, to be sent out by the court for further consideration by the jury, over the objection of the defendant. It was pointed out in the *Strickland* case that interrogatories, though read in evidence, should not be delivered to the jury, and that depositions, read in evidence, should not go to the jury. It was held that the written statement of a dying declaration, signed by the deceased, is in effect a deposition.

The *Strickland* case cites *Shedden* v. *Stiles*, 121 *Ga.* 637 (49 S. E. 719), in which it was held that interrogatories, though read in evidence, should not have been delivered to the jury, over the objection of the party against whom the verdict was rendered, and a new trial was granted in that case. The reason given for not allowing interrogatories to be delivered to the jury was that "the testimony which they contain, if read and reread by the jury, would have an unfair advantage over oral testimony of the other side, by speaking to the jury more than once."

It is necessary to determine whether the rule in the *Strickland* case, supra, where a new trial was granted because the signed statement of the deceased was in the possession of the jury and available for their consideration during their deliberations, would be applicable in the present case. In some respects a dying declaration and the confession or incriminatory statements of an alleged coconspirator are not dissimilar. Both are exceptions to our rule which ordinarily rejects hearsay evidence. However, the rule of necessity which requires the admission in evidence of a dying declaration, where the voice of the deceased has been silenced, does not apply in this case to the incriminatory statements of the alleged coconspirator of the defendant.

The law requires that witnesses testifying by interrogatories or depositions be sworn. Code, §§ 38-2113, 38-2401. Since testimony under the sanction of an oath, or a dying declaration, which has been declared to be the equivalent of a deposition, can not properly be taken to the jury room and there retained by the jury during its deliberations, by analogy it would seem that the same rule should exclude an unsworn writing signed by an alleged coconspirator.

Counsel for the State have cited cases from other jurisdictions

in support of the ruling of the trial court in this case. An examination of the cases cited shows that they are not in point on their facts with the present case. There appears to be a distinct line of authorities from other jurisdictions holding contrary to the line of authorities cited by counsel for the State. The writer has not been able to find any case directly in point on its facts with the present case, and any analysis of the various rulings from other States could serve no useful purpose here, and would unnecessarily extend our consideration of the present case. It is sufficient to note that, of all the cases examined from other jurisdictions, the ruling in People *v.* Spranger, 314 Ill. 602, 603 (5) (145 N. E. 706), seems most nearly to accord with previous decisions of this court. In the Spranger case it was ruled: "The jury should not be permitted to take with them for consideration in the jury room, depositions, dying declarations, confessions or written statements of the defendant, or other instruments of evidence depending for their value on the credibility of the maker."

This court, as previously noted, has specifically ruled that it is error requiring the grant of a new trial to permit the jury to take to the jury room written testimony. *Shedden* v. *Stiles,* supra; *Strickland* v. *State,* supra. Such written testimony may have an unfair advantage over oral testimony by speaking to the jury more than once. In addition to the unfair advantage that Phillips' statement might have had, in speaking to the jury more than once, it might be observed that no explanation appears in the record as to why the State did not offer Phillips as a witness against the defendant and subject him to cross-examination by counsel for the accused. Confrontation by witnesses testifying against an accused is a substantial constitutional right. Constitution, art. 1, sec. 1, par. 5 (Code, Ann., § 2-105). The statement, confession, or instrument signed by Phillips, and sent to the jury room, depends for its value upon the credibility of Phillips, who was not sworn, did not testify, and was not subjected to cross-examination. Yet it is, in effect, insisted by the State that it was not erroneous to allow Phillips' unverified statement to speak to the jury during their deliberations as many times as the jury might see fit to refer to it. Such contention is

not supported by any rule of evidence in this State, or by any decision of this court.

Even if it should be conceded that the evidence in this case overwhelmingly demanded a conclusion that the defendant was guilty of the crime of murder, a general verdict of guilty, without a recommendation of mercy, is never demanded as a matter of law. *Glover* v. *State*, 128 *Ga.* 1 (57 S. E. 101); *Barfield* v. *State*, 179 *Ga.* 294 (175 S. E. 582); *Jones* v. *State*, 207 *Ga.* 379, 380 (3) (62 S. E. 2d, 187).

The trial court erred in permitting the jury to have in the jury room the statements of the defendant and his alleged coconspirator, and a new trial must be granted.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler and Hawkins, JJ., who dissent.*

HAWKINS, Justice, dissenting. I dissent from the ruling in the 2nd headnote and corresponding division of the opinion, and from the judgment of reversal, for the reason that written evidence is considered of higher proof than oral testimony, and where, as here, the statements of the coconspirator and the defendant were in writing, the written statements were the highest and best evidence, and were properly permitted to go out with the jury. Code, § 38-205.

I am authorized to state that Duckworth, Chief Justice, and Candler, Justice, concur in this dissent.