## REECE *v.* THE STATE.

No. 17462. Argued May 15, 1951—Decided June 11, 1951—Rehearing denied July 10, 1951.

*Irwin R. Kimzey, Hamilton Kimzey,* and *Herbert B. Kimzey,* for plaintiff in error.

*Eugene Cook, Attorney-General, Jeff C. Wayne, Solicitor-General,* and *Abit Massey,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ As to whether females are qualified to serve on· traverse juries, aid in answering this question would be found in article 6, section 16, paragraph 2 of the Constitution of 1945 (Code, Ann., § 2-5102); Code §§ 59-106, 59-112, 79-207, 102-102; also *Pollard* v. *State,* 148 *Ga.* 447 (96 S. E. 997); *Powers* v. *State,* 172 *Ga.* 1 (4) (157 S. E. 195); *Cady* v. *State,* 198 *Ga.* 99, 102 (b) (31 S. E. 2d, 38). But a determination of this question will not here be made. Even though it be conceded that a challenge to the array would be a proper mode of attack, and that the judge might have erred in his ruling, yet, under the agreed statement of facts, there was no injury to the defendant. It appears that, of the 100 jurors drawn, four were females, yet two of them did not appear and the other two were excused from jury service by the court. No female appeared upon the panel of 48 or more which was put upon the accused, nor was any question raised in the challenge to the array, under Code § 59-803, going to show that those put upon him were not properly impaneled, or ought not to be put upon him. Even though there might have been names of ineligible jurors in the box and drawn for jury service, yet, where the panel put upon the accused was properly impaneled, the accused suffered no injury. He had put upon him 48 or more competent jurors, as required under Code § 59-801. Where a plaintiff in error brings a case to this court, the burden is upon him to show error which is injurious to his cause. *Brown* v. *City of Atlanta,* 66 *Ga.* 72; *Hall* v. *State,* 202 *Ga.* 619 (2), (44 S. E. 2d, 234).

The case of *Bridges* v. *State,* 103 *Ga.* 21 (2) (29 S. E. 859), is distinguishable from the instant case. There the panel put

upon the prisoner had not been drawn, selected, or summoned in the manner provided by law.

■ Headnotes 2, 3, and 4 require no elaboration.

■ Exception is taken to the following charge: "Gentlemen, to impeach a witness is to show to the satisfaction of the jury that such witness is unworthy of belief. A witness may be impeached by disproving the facts testified to by him by proof of contradictory statements previously made by him as to matters relevant to his testimony and to the case, or by evidence as to his general bad character. He may be sustained by proof of general good character, the effect of the evidence to be determined by the jury."

This charge contains an erroneous statement of the law. Where a witness is sought to be impeached by contradictory statements or by proof of general bad character, he may be sustained by proof of general good character. Code, §§ 38-1803, 38-1804. But where a witness is sought to be impeached only under Code § 38-1802, by disproving facts testified to by him, his testimony cannot be sustained by proof of general good character. *Miller v. Western & Atlantic R. Co.*, 93 *Ga.* 480 (1), (21 S. E. 52); *Bell v. State*, 100 *Ga.* 78 (1), (27 S. E. 669); *Surles v. State*, 148 *Ga.* 537 (6), (97 S. E. 538).

In the instant case, the State introduced two eyewitnesses to the homicide, and other witnesses for the State whose testimony as to conditions at the scene of the homicide could be taken as contradictory to facts testified to by the eyewitnesses. The accused introduced no evidence, but made a statement to the jury. There was no evidence by the State seeking to establish the general good character of either eyewitness. Though the charge was erroneous in so far as it stated that a witness sought to be impeached by disproving facts testified to by him may be sustained by proof of general good character, yet we cannot see how the accused was injured thereby. In effect the court charged that, if any evidence of the eyewitnesses for the State had been disproved, they could be sustained by proof of general good character. The court having so charged, the jury might well have taken the position that, the testimony of the eyewitnesses having been disproved, the absence of evidence as to their general good character discredited their testimony. Accordingly,

this portion of the charge, though a misstatement of the law, was favorable to the accused. See, in this connection, *Geer v. State,* 184 *Ga.* 805 (2), (193 S. E. 776), and citations; *Jones v. State,* 193 *Ga.* 449 (1) (18 S. E. 2d, 844), and citations.

■  Exception is taken to the following charge: "Now, gentlemen, I charge you, you are made by law the sole and exclusive judges as to the credibility of the witnesses that have testified in this case, and in passing upon their credibility you will take into consideration all the facts and circumstances of the case, the witnesses' manner of testifying, their interest or want of interest, prejudice or bias, if any exists, their means and opportunity of knowing the facts to which they testified, the reasonableness or unreasonableness of their testimony, also the witnesses' personal credibility, in so far as the same may legitimately appear upon the trial of this case."

This charge is not subject to the criticism that it is confusing, argumentative, that it limits its consideration to those things enumerated, that it minimizes the effect of the defendant's statement, or by the phrase, "you *will* take into consideration." See, in this connection, *Daniel v. State,* 61 *Ga. App.* 663, 664. (2), (7 S. E. 2d, 204).

■■  These headnotes require no elaboration.

■  The testimony of the two eyewitnesses makes a case of unprovoked murder, and the jury verdict was amply authorized.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*

HEAD, Justice, dissenting. As I construe the charge of the court dealt with in headnote 4, the right of the jury to recommend mercy was limited to "the laws and the evidence." The opinion cites as authority for the ruling made, *Wheat v. State,* 187 *Ga.* 480 (3). The charge of the court in the *Wheat* case, on the right of the jury to recommend mercy, was as follows: "Under the law of this state it is provided that the punishment for persons convicted of murder shall be death, but may be confinement in the penitentiary for life if the jury trying the case shall so recommend. . . And in determining. what punishment the defendant shall receive you gentlemen may consider all the facts and circumstances of the case as disclosed by the trial, by the evidence, and by the statement of the defendant. In all homicide

cases it is the right and province of the jury, in the event they convict the defendant, to recommend that he be imprisoned for life, or to recommend him to the mercy of the court, which would mean that he would be sentenced for life. And the question of whether the jury will or will not recommend mercy or life imprisonment is a matter solely within the discretion of the jury, and is not limited or confined in any case. *There is no rule of law governing the jury with reference to the exercise of its discretion upon this question. If you should decide for any reason satisfactory to yourselves, or without any reason,* to recommend that the defendant be imprisoned for life, then that would be binding upon the court and that would be the sentence imposed upon the defendant. The court would have no discretion in the matter." (Italics supplied.)

If the charge in the *Wheat* case was correct (and the writer so construes it), then the charge in the present case placed an undue limitation on the jury with reference to their right to recommend mercy.

If the case of *Vann* v. *State,* 83 *Ga.* 44, 56 (11), (9 S. E. 945), can be said to support the charge of the court in the present case, the *Vann* case must yield to the case of *Hill* v. *State,* 72 *Ga.* 131, which is a full-bench decision, wherein the court ruled: "The Code leaves it in the discretion of the jury as to whether they will recommend imprisonment for life in the penitentiary of a person convicted of murder; they are not limited or circumscribed in any respect whatever; nor does the law prescribe any rule by which the jury may or ought to exercise this discretion. Therefore, a charge that the jury, in considering the question of recommending to mercy, should not be governed by their sympathies, but by their judgments, approved by the evidence in the case and the law applicable to it, was error." The rule announced by this court in the *Hill* case has not been overruled. See also *Cohen* v. *State,* 116 *Ga.* 573 (42 S. E. 781).

While there may be some conflict in the decisions of this court subsequent to the first act of the General Assembly vesting power in trial juries to recommend mercy (see *Long* v. *State,* 38 *Ga.* 491; *Regular* v. *State,* 58 *Ga.* 264; *Shaw* v. *State,* 60 *Ga.* 246), the *Hill* case was the first decision by this court rendered subsequently to the passage of our present law vesting in the trial

jury the right to make a recommendation of mercy, and should be controlling upon this court.

In *Mims* v. *State*, 188 *Ga.* 702, 705 (4 S. E. 2d, 831), this court approved the charge of the trial judge that a recommendation of mercy "is a recommendation which you have a right to make and attach to your verdict, in the event you should find the defendant guilty of murder. You may decline this recommendation with or without a reason, and you may decline to do so with or without a reason; you may do so as a matter of public policy or out of sympathy for the prisoner, or you may decline to do so for reason of public policy or on account of absence of sympathy for the accused. The granting of it in case of conviction is a mere matter of grace that comes after guilt is established. The Code leaves it in the discretion of the jury as to whether they will recommend imprisonment for life in the penitentiary of a person convicted of murder; they are not limited or circumscribed in any respect whatever, nor does the law prescribe any rule by which the jury may or ought to exercise this discretion."

Trial judges are not authorized to limit or restrict the right of the defendant to a recommendation of mercy. The charge as made in the present case had the effect of limiting the jury in their right to recommend mercy, and this limitation may have denied the defendant a substantial right guaranteed by the Constitution and laws of this State. It makes no difference that the evidence may have been of such a character as to demand a verdict of guilty, since in no case can it be said that a general verdict of guilty, without a recommendation of mercy, is demanded as a matter of law. *Glover* v. *State*, 128 *Ga.* 1 (57 S. E. 101); *Barfield* v. *State*, 179 *Ga.* 293, 294 (175 S. E. 582); *Carter* v. *State*, 204 *Ga.* 242 (49 S. E. 2d, 492); *Glenn* v. *State*, 205 *Ga.* 32, 35 (52 S. E. 2d, 319); *Jones* v. *State*, 207 *Ga.* 379, 380 (62 S. E. 2d, 187). Substantial rights of a defendant should not be whittled away piecemeal because the evidence may lead the reviewing court to the inescapable conclusion that the defendant is guilty as charged.

For the foregoing reason I dissent from the ruling in headnote 4, and from the judgment of affirmance.