19704. WALLER *v*. THE STATE.

ARGUED MAY 14, 1957—DECIDED JUNE 10, 1957.

*George Richard Jacob*, for plaintiff in error.

*John H. Land*, Solicitor-General, *Eugene Cook*, Attorney-General, *Rubye G. Jackson*, contra.

Head, Justice. 1. Ground 1 of the amended motion for new trial asserts that the court erred in refusing the written request to charge as follows: "It can never be said that the death penalty is demanded by the evidence. After the offense of murder is established, it is solely within the province of the jury whether the accused shall be recommended to the mercy of the court. This discretion is not controlled by any rule of law."

In *Glover* v. *State,* 128 *Ga.* 1, 7 (57 S. E. 101) it was said: "It may be said . . . that as counsel for plaintiff in error practically abandoned the general grounds of the motion, we should look at the evidence to see whether the verdict was not demanded by the evidence. To this it may be replied that there may be a state of facts where the evidence, under the law, would demand a conviction of the crime of murder, but under our law, where the punishment to be inflicted for murder is left in the discretion of the jury, *under no circumstances can this court say that the evidence demanded a general verdict of guilty which must be followed by the infliction of the death penalty.*" (Italics ours.) This language has been quoted and referred to in a number of cases. See *Barfield* v. *State,* 179 *Ga.* 293 (175 S. E. 582); *Thompson* v. *State,* 203 *Ga.* 416, 418 (47 S. E. 2d 54); *Glenn* v. *State,* 205 *Ga.* 32, 35 (52 S. E. 2d 319); *Jones* v. *State,* 207 *Ga.* 379, 380 (3) (62 S. E. 2d 187); *Royals* v. *State,* 208 *Ga.* 78, 82 (65 S. E. 2d 158); *Parks* v. *State,* 208 *Ga.* 508, 509 (4) (67 S. E. 2d 716).

The language quoted from *Glover* v. *State,* supra, and followed in the cases enumerated, states a principle governing this court in determining whether or not a new trial should be granted because of some error occurring during the trial in a case where the death penalty has been given, when the evidence demands a conviction of the crime of murder. It was not stated as a proper rule to be given by a trial judge in his charge to the jury. Although certain language may appear in a decision by this court, it does not necessarily follow that this language should be given in charge to the jury. *Leonard* v. *State,* 133 *Ga.* 435, 437 (66 S. E. 251).

In the present case the court charged the jury as follows: "If you believe that the State has established a case of murder

against the defendant, it is solely the province of the jury as to whether or not they recommend mercy. That is discretionary and optional with you entirely, gentlemen,—the law puts no inhibition there. If you feel that it's a case where mercy should be recommended that is entirely your province, and if not, that again is your province." This was a proper instruction on the jury's right to recommend mercy, and it was not error to refuse to give the requested charge set out in this ground.

2. In ground 2 it is insisted that the court erred in denying the motion of counsel for the defendant, at the beginning of the trial, "that he was entitled to 48 qualified jurors from which to strike."

From the recitals made in this ground it appears that some sixty jurors were present, and the solicitor-general propounded the voir dire questions to them. It does not appear from this ground that the defendant was denied any right to which he was entitled. *Gossett* v. *State*, 203 *Ga.* 692, 693 (4) (48 S. E. 2d 71).

3. Ground 3 is as follows: "Because the court failed to charge the jury on the law of self-defense, and failed to mention 'self-defense' in his charge, when the statement of the defendant (the movant) plainly showed the shot was fired after the movant had been attacked and cut severely by the deceased."

This ground is completely refuted by the record. The court charged the applicable portions of Code §§ 26-1011 and 26-1012, in regard to justifiable homicide, and specifically referred to. "self-defense." Counsel for the defendant cites in support of this ground the case of *Smith* v. *State*, 203 *Ga.* 317, 321 (46 S. E. 2d 583), wherein it is stated that it is reversible error for the court to charge §§ 26-1011, 26-1012, and 26-1014 in such manner as to confuse the jury in a proper application of the principles of law contained in § 26-1014 (which is applicable only in cases involving mutual combat). In the present case the court did not charge the principles of law contained in § 26-1014, and the case cited is not in point here. Where the issue of justifiable homicide is involved, it is entirely proper to charge the jury the provisions of §§ 26-1011 and 26-1012. *Marcus* v. *State*, 149 *Ga.* 209 (2) (99 S. E. 614); *Bryant* v. *State*, 157 *Ga.* 195 (121 S. E. 574).

4. In ground 4 it is stated that, upon the completion of the testimony of the witness Carrie Ross, the court, looking at the solicitor-general, inquired: "Venue?" The solicitor replied that he intended to prove venue by another witness, but after this inquiry, he proceeded to ask questions of this witness to prove venue. It is asserted that the court was without authority to call the attention of the solicitor to the failure to prove venue, and the court's question tended to give the impression that he ·was aiding the prosecution and desired the conviction of the defendant.

Whether or not this question by the trial judge was proper, it does not appear that any motion for mistrial was made at the time. There is no merit in this ground. *Tanner* v. *State,* 163 *Ga.* 121, 130 (135 S. E. 917) ; *Herndon* v. *State,* 178 *Ga.* 832, 850 (174 S. E. 597) ; *Simmons* v. *State,* 181 *Ga.* 761, 763 (184 S. E. 291) ; *Callahan* v. *State,* 209 *Ga.* 211 (3) (71 S. E. 2d 86).

5. In ground 5 it is asserted that the court erred in restricting counsel for the defendant in the cross-examination of the witness Carrie Ross, mother of the deceased. The question asked by counsel was: "How many children did Moon [the deceased] have?" The solicitor-general objected to this line of questioning unless counsel sought to show that the defendant and the deceased were legally married. The court stated that, if either the defendant or the deceased had a living spouse, they could not contract a marriage, whether ceremonial or common law, and said, "I'll restrict you to that." It is stated in this ground that the restricted cross-examination prevented counsel from showing that the defendant and the deceased were actually living together as man and wife.

While the right of cross-examination of the witnesses called against a party is a substantial right, the trial judge may restrict the cross-examination to matters material to the issues. *Clifton* v. *State,* 187 *Ga.* 502, 508 (2 S. E. 2d 102). The question asked this witness had no relevancy to the issues in this case. The court did not prevent counsel from proving a common-law marriage between the defendant and the deceased, if he could do so under the restriction of the law, as correctly stated by the court. Under the testimony of the witnesses for the State, the homicide

did not occur under circumstances which would have made it justifiable, even if the defendant and the deceased were living together as common-law man and wife. This ground shows no injury to the defendant in the restriction of the cross-examination of the witness Carrie Ross.

6. In ground 6 it is stated that the court charged the jury as follows: "A bare fear of any of those offenses to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing." The error assigned is that the court failed to clarify and explain this charge. There is no merit in this ground.

7. Grounds 7 and 10 apparently refer to the same occurrence. In ground 10 it is stated that counsel for the defendant propounded the following question to the witness Lina Jenkins: "And you know that Melvin [the defendant] was displeased because his wife was going out with somebody else?" The solicitor-general objected to this question as follows: "If it please the court, we object to any reference of his wife. He hasn't shown they were married, and the State denies they were married,—incapable of being married, in fact. We ask that he phrase his question properly." Counsel for the defendant then asked the court to rebuke the solicitor for the intimation made in his objection. The court stated: "Proceed with your examination." It is asserted that the court erred in failing to reprimand the solicitor.

It is not shown that any motion for mistrial was made because of the statements made by the solicitor in his objection, and the court in effect overruled the objection of the solicitor when he instructed counsel for the defendant to proceed with his examination. There is no merit in this ground. *Simmons* v. *State*, 181 *Ga.* 761, supra.

8. In ground 8 it is contended that the court erred in failing to charge, without request, as follows: "Every person has a right to take human life when it becomes necessary to do so in order to save his own life, or in defense of his person against one manifestly intending or endeavoring, by violence or surprise to commit a felony on him."

The charge given amply covered the rules of law in relation

to justifiable homicide, and the court instructed the jury that, if they found the homicide to be justified, they should acquit the defendant. There is no merit in this ground.

9. Ground 9 is as follows: "Because the court failed to charge the law of manslaughter." This ground is incomplete, since it fails to show what principles of law in regard to "manslaughter" it is contended should have been charged.

*Judgment affirmed. All the Justices concur.*