**William Carthar ROYAL, Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Appellee.**

No. 25169.

United States Court of Appeals
Fifth Circuit.

March 20, 1968.

Fred S. Clark, Savannah, Ga., for appellant.

Mathew Robins, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

William Carthar Royal, the petitioner in this habeas proceeding, was convicted on December 1, 1950, for the murder of his grandchild, Martha Janice Browning. On appeal to the Georgia Supreme Court, the conviction was reversed in Royals v. State, 1951, 208 Ga. 78, 65 S.E.2d 158, and a new trial granted. A second trial was held, and on November 27, 1951, appellant was again found guilty with a recommendation of mercy and was sentenced to life imprisonment.

October 17, 1966, Royal filed an application for a writ of habeas corpus seeking relief from his second conviction. The parties stipulated that the petitioner had exhausted his state remedies.

The district court, after a hearing, concluded that the sole issues before it were (1) whether the accused was denied a fair trial as a result of the considerable amounts of surrounding publicity such as to taint the trial proceedings; (2) whether the trial attorney competently performed his function; and (3) whether the accused was guilty or innocent of the alleged crime. The district court found that there was no merit to the petitioner's contentions.

We affirm the court's rulings on the first two issues.[1]

The thrust of the petitioner's contention with respect to the third issue is that he was convicted on the coerced perjured testimony of Sam Phillips, a co-defendant who pleaded guilty in the first trial. In the habeas hearing Phillips testified that he perjured himself "as a matter of the pressure and threats from the sheriff and two Georgia Bureau of Investigation Agents on me".[2] The State put on no witnesses to controvert Phillips.

The critical question in a habeas proceeding is not whether the petitioner is guilty, but whether he received a fair trial. If Phillips testified falsely because state agents "pressured"

---

1. The petitioner raised additional issues on appeal. There is no merit to his contentions with respect to these issues.

2. The record also contains an affidavit by Edna Royal Brantley, the petitioner's daughter, and an affidavit by J. C. Brantley, the petitioner's son-in-law, stating that the local sheriff coerced them into making warrants of arrest against Royal and Phillips.

him to do so, the State deprived Royal of a fair trial. The district court made no finding as to this issue. Indeed, the court held that even assuming that the petitioner was convicted as a result of perjured testimony, there was no merit to the petitioner's contention—for he had not exhausted his state remedies.

■ We remand the case to enable the district court to rule specifically on the petitioner's allegation that the State used the coerced, perjured testimony of Sam Phillips. This ruling may be based on the present record and on such supplemental hearings as the court may hold.[3]

---

**3.** The State may wish to call as witnesses the Sheriff and the two agents of the Georgia Bureau of Investigation accused of coercing Phillips. The petitioner may wish to call Mr. and Mrs. Brantley and others.